No. 10,506.

PEOPLE, EX REL. AUSTIN, ET AL. *v.* BILLIG, MAYOR, ET AL.

Decided October 20, 1922.   Opinion filed November 6, 1922.

Action in mandamus to compel the submission of amendments to the Boulder city charter at the general state election.   Writ denied.

### *Affirmed.*

1.  STATUTORY CONSTRUCTION—*Constitutional Amendment XX—Municipal Elections.* The term "general election" used in section 5, article XX of the state Constitution, refers to a general municipal election, and does not include a general state election.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Mr. JOHN R. WOLFF, for plaintiffs in error.

Mr. FRANK L. MOORHEAD, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE reply brief in this case was filed herein October 19, 1922. By reason of the nearness of the general state election prompt action by this court seemed imperative. The cause was accordingly given immediate consideration and, by order entered October 20, 1922, was affirmed. Opinion was necessarily reserved.

The city of Boulder is a "home rule" city, i. e., governed under the terms of a charter adopted in accordance with the provisions of article XX of the state Constitution. Section 5 of that article, which provides for the amendment or revision of such charter, reads in part as follows:

"It shall be competent for qualified electors in number not less than five per cent. of the next preceding gubernatorial vote in said city and county to petition the council for any measure, or charter amendment, or for a charter convention. The council shall submit the same to a vote of the qualified electors at the next *general election* not held within thirty days after such petition is filed; whenever such petition is signed by qualified electors in number not less than ten per cent. of the next preceding gubernatorial vote in said city and county, with a request for a *special election,* the council shall submit it at a *special election* to be held not less than thirty nor more than sixty days from the date of filing the petition; *Provided,* That any question so submitted at a *special election* shall not again be submitted at a *special election* within two years thereafter."

Plaintiff's in error, and others, on October 2, 1922, filed such a petition for some twenty-two amendments to the Boulder city charter, which petition was signed by more than five and less than ten per cent of electors as provided in said section 5, and requested a vote on said amendments at the next *general election.* Respondents refused to submit the same at the next *general state election,* to be held November 7, 1922, and determined that it should be submitted at the next *general municipal election* of the city of Boulder, to be held in November, 1923. Petitioners thereupon brought mandamus in the district court to compel the submission of said amendments at said general state election, and to review the judgment entered therein denying them the relief sought they prosecute this writ.

BURKE, J., after stating the facts as above.

The sole question here presented for determination is the meaning of the words, "general election" as used in that portion of section 5, article XX of the state Constitution above quoted.

Section 6, article XX of the Constitution provides for the organization of home rule Cities, and reads in part as follows:

"Proposals for charter conventions (for the original organization of Home Rule cities) shall be submitted by the city council or board of trustees, or other body in which the legislative powers of the city or town shall then (prior to such organization) be vested, at *special elections,* or at *general state* or *municipal elections,* upon petitions filed by qualified electors, all in reasonable conformity with section 5 of this article, * * *."

Section 7 of article VII of the state Constitution reads:

"The general election shall be held on the first Tuesday of October, in the years of our Lord eighteen hundred and seventy-six, eighteen hundred and seventy-seven, and eighteen hundred and seventy-eight, and annually thereafter on such day as may be prescribed by law."

Such annual elections have since been changed to biennial, and the day now "prescribed by law" is the first Tuesday after the first Monday in November.

It is contended that said section 7, article VII, defines "general election" as that term is used throughout the Constitution, including section 5, article XX.

That "general elections" or "special elections" may be either state or municipal, or both, requires no argument and no citation of authority. That the term as used in the Constitution, wherever state officers or state questions are under consideration, mean general or special *state elections* is also clear.

From the foregoing quotations it will be observed that the "special election" mentioned in said sections 5 and 6 article XX, although not specifically so designated, is a special municipal election, and that where a general election is mentioned in said section 6, referring to a state

election at which a municipal matter is to be determined, such general election is specifically designated as a "general *state* election." The whole of said section 5 article XX relates to municipal matters. The elections therein referred to are elections for the determination of municipal matters. The *special elections* therein mentioned are special municipal elections, although not specifically so designated. The irresistible conclusion is that if the *general election* mentioned in said section 5, at which a municipal question is to be determined, referred in fact to a general *state* election it would be specifically so designated, as is done in said section 6.

We think, therefore, the conclusion is irresistible that the term "general election" used in said section 5 article XX, refers to a general municipal election and does not include a general state election.

We are, moreover, of the opinion that the argument that this question is settled by the definition alleged to be given in said section 7 article VII of the state Constitution is without merit.

The judgment of the trial court is accordingly affirmed.

MR. JUSTICE TELLER and MR. JUSTICE CAMPBELL not participating.