In the Matter of the Application of CHARLES C. WING, as Chairman of the Republican County Committee of the County of Albany, Petitioner, Appellant, for a Summary Order to Be Issued against PATRICK J. RYAN and Others, as and Constituting the Board of Elections of the County of Albany, and Others, Respondents.

Third Department, September 15, 1938.

*Borden H. Mills* [*Isadore Bookstein* of counsel], for the petitioner, appellant.

*George W. Foy*, for the respondent Edward J. O'Connell, as chairman of the Democratic County Committee of the County of Albany.

*Walter L. Collins, County Attorney*, for the respondents Patrick J. Ryan and others, constituting the board of elections of the county of Albany.

HEFFERNAN, J.   This is an appeal from an order of the Albany Special Term of the Supreme Court which denied petitioner's application for a summary order under subdivision 3 of section 330 of the Election Law restraining respondents, comprising the board of elections of Albany county, from setting in motion the machinery for the election of a recorder of the city of Albany at the general election to be held next November.   The petitioner is the chairman of the Albany County Republican Committee.

Questions of law only are involved.   The office of recorder of Albany is a very ancient one and was created by the Dongan Charter granted to the city on the 22d day of July, 1686, by Thomas Dongan, then Governor of the Province of New York.   The first Constitution of the State adopted April 20, 1777, recognized the validity of this charter and confirmed and ratified its provisions. The office of recorder has been continued ever since by various legislative enactments.

On November 5, 1935, Mr. Sol Rubenstein was elected to the office of recorder for a four-year term terminating on December 31, 1939.   He resigned his office on December 31, 1937, and the mayor of the city on the same day in pursuance of law appointed Mr. Dobris to fill the vacancy.   The certificate of appointment is silent as to the length of the term the appointee should serve.   It is now proposed to fill that office at the next general election for a full term of four years.

Petitioner contends that there should be no election for recorder until 1939, or that if one is required during the present year it should only be for the remainder of the unexpired term and not for a full term.   In support of his position he relies principally on chapter 135 of the Laws of 1937 and section 6 of article 12 of the State Constitution.   He also asserts that the recorder is a city officer as distinguished from a judicial officer.

Chapter 135 of the Laws of 1937 abolished the Court of Special Sessions and transferred its functions to the Police Court.   By

section 4 of that act it is provided: " The office of recorder of the city of Albany, continued by chapter three hundred seventy-eight of the laws of nineteen hundred three, is hereby continued   *   *   *. The recorder shall hold his office for a term of four years.   The term of the present incumbent of such office shall expire on the thirty-first day of December, nineteen hundred thirty-nine, and his successor shall be elected at the general election to be held in November, nineteen hundred thirty-nine.   *   *   *   Whenever a vacancy shall occur in the office of recorder of the city of Albany for any reason or cause, such vacancy shall be filled at the next city election happening not less than thirty days following the occurrence of such vacancy, and the person so elected shall hold office for the full term of four years, provided, however, that until the first day of January subsequent to said election, the said vacancy shall be filled by the appointment of some qualified and competent person by the mayor of the city of Albany."

Section 6 of article 12 of the Constitution so far as material here provides in substance that all elections of judicial officers of inferior local courts elected in any city or part of a city except to fill vacancies shall be held on the general election day in an odd-numbered year and that the term of every such officer shall expire at the end of such a year.   This section of said article was approved by the People at the general election held November 6, 1923, and became effective on the first day of January following.

On January 1, 1926, section 19 of article 6, the new Judiciary Article of the Constitution, became effective.   The pertinent provision of that article is: " Except as in this article provided, all judicial officers shall be elected or appointed at such times and in such manner as the Legislature may direct."

The Court of Appeals in *Matter of Adler* v. *Voorhis* (254 N. Y. 375) has held that the provisions of section 19 of article 6 have superseded the provisions of section 6 of article 12 relating to the election of judicial officers of inferior local courts in cities.   In the case cited the court in speaking of the effect of section 19 of article 6 said: " The effect of this provision is to abolish all restraints upon the Legislature in fixing the times for the election of judges of inferior courts, except those restraints imposed by the Judiciary Article itself."   The recorder of the city of Albany may, therefore, be elected at such time and, subject to article 6, for such term as the Legislature may prescribe.   That case is also authority for the proposition that the recorder is not properly a city officer but a member of the judicial system of the State.

That a vacancy will exist in the office of recorder on the 1st day of January, 1939, is not a debatable question.   Section 5 of article 10 of the Constitution declares that in case of elective officers no person

appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy. Section 38 of the Public Officers Law contains this provision: " The term of office of an officer appointed to fill a vacancy in an elective office, shall be until the commencement of the political year next succeeding the first annual election after the happening of the vacancy, if the office be made elective by the Constitution, or at which the vacancy can be filled by election, if the office be otherwise made elective."

Section 42 of the same law (as added by Laws of 1922, chap. 649) provides that " A vacancy occurring before October fifteenth of any year in any office authorized to be filled at a general election, shall be filled at the general election held next thereafter, unless otherwise provided by the Constitution, or unless previously filled at a special election."

Therefore, according to the mandate of the Constitution and the provisions of the Public Officers Law to which we have referred, the term of the present incumbent of the office of recorder will expire on the thirty-first day of December of the current year.

The only other question for determination is whether the office of recorder shall be filled at the next election for the unexpired term or for a full term of four years. The last sentence of section 4 of chapter 135 of the Laws of 1937, which we have quoted, governs the procedure for filling vacancies occurring for any reason or cause in the office of recorder. It is there stated that the vacancy " shall be filled at the next *city election* happening not less than thirty days following the occurrence of such vacancy, and the person so elected shall hold office for the full term of four years." Earlier in the same section it is provided that Mr. Rubenstein's term shall expire on December 31, 1939, and that his successor should " be elected at the *general election* to be held in November, nineteen hundred thirty-nine."

It is true that the Legislature used slightly different language in providing for the election of a successor to the then incumbent than it did in the case of an election to fill a vacancy. The successor should " be elected at the *general election.*" The vacancy is to " be filled at the next *city election.*" We think the expressions are synonymous. It may be that the words " city election " are not the choicest that might have been used. Statutes, however, are not to be construed by strict and critical adherence to technical grammatical rules. The true meaning when clearly ascertained must prevail though contrary to the apparent grammatical construction. The application of the general rule that the intention of the Legislature is to be determined from the language of the

statute is not affected by the fact that the phraseology may be awkward, slovenly or inartificial. Language which has a distinct meaning, however awkward and inept, must be held to express the legislative will and the facility with which the Legislature might have expressed itself more appropriately or more directly will not authorize a court to disregard the natural sense of the words actually used. In the special act before us the Legislature has clearly and unequivocally directed that in the event of a vacancy in the office of recorder such vacancy shall be filled during the next election happening not less than thirty days following the occurrence of such vacancy. In using the words " city election " it is clear that the Legislature meant to describe the geographical location of the election and not the character of the officials to be elected thereat. Any election at which there is a general and popular expression of the public will, whether that election be a State, county or city election, is a general election. (*State ex rel. Griffin* v. *Superior Court for Chehalis County*, 70 Wash. 545; 127 P. 120.) It is a fundamental principle of our form of government that a vacancy in an elective office should be filled by election as soon as practicable after the vacancy occurs. We believe that section 4 of the act means that the vacancy in the office of recorder must be filled at the next election to be held in the city of Albany at which the electorate of that city vote. Clearly it does not mean an election at which city officers generally are elected. Then too, if for any reason a vacancy should occur in any other city office on or before October 15, 1938, it must be filled at the general election to be held in November of this year. Any election held in the city of Albany at which the people of the city may vote, irrespective of the office to be filled, is a city election.

It is our conclusion that the voters of the city of Albany are entitled to elect a recorder at the general election to be held in November of this year for a full term of four years.

The order appealed from should be affirmed.

RHODES and BLISS, JJ., concur; HILL, P. J., and CRAPSER, J., dissent on the following grounds: An election to fill a vacancy from January 1 to December 31, 1939, should be held at the general election in 1938. (Public Officers Law, §§ 38, 42.) Under chapter 135 of the Laws of 1937, which concerns the duties and tenure of office of recorder of the city of Albany, an election for a full term may only be held at a " city election " as distinguished from a " general election." This special act also specifically requires that the recorder be elected " at the general election to be held in November, nineteen hundred thirty-nine."

Order affirmed.