DAN ALLEN ET AL., APPELLANTS, V. GORDON TOBIN, CITY CLERK OF THE CITY OF SIDNEY, NEBRASKA, ET AL., APPELLEES.
51 N. W. 2d 338

Filed January 18, 1952. No. 33075.

*Edward E. Carr* and *Ivan Van Steenberg,* for appellants.

*J. H. McNish* and *L. M. Clinton,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action in equity brought by the plaintiffs to enjoin the city clerk of the city of Sidney, a city of the second class, from certifying returns of an election held in the city for the sale of alcoholic liquor by the drink, except beer, to the Nebraska Liquor Control Commission, and to enjoin the city council, named as defendants, from issuing any license or licenses to any applicant or applicants who may apply for the same, on the ground that the election so held was illegal and void.

The trial court entered the following judgment, in substance: This court does not have jurisdiction to enjoin any of the defendants herein from canvassing, publishing, or otherwise recognizing the results of the election held April 4, 1950. The plaintiffs and the persons whom they allege they represent were, on April 18, 1950, entitled, as electors of the city of Sidney, Nebraska, to institute contest proceedings in accordance with the law. Such right constitutes an adequate remedy at law, and by reason thereof said plaintiffs here have not shown themselves to be entitled to the issuance of an injunction. The plaintiffs' cause of action was dismissed with prejudice at plaintiffs' costs.

Plaintiffs filed a motion for new trial which was overruled. From the overruling of the motion for new trial plaintiffs perfected appeal to this court.

The facts are not in dispute and for the most part are stipulated. The record shows that Gordon Tobin was the city clerk of Sidney, Nebraska, on March 3, 1950, was reelected to the same position April 4, 1950, and has been continuously the city clerk at all times mentioned, and also shows the members of the city council serving during the period of this controversy. A petition in five parts was filed with the city clerk on March 3, 1950, containing 203 signatures of persons. Five of the petitioners who signed the petition did not live within the corporate limits of the city of Sidney, leaving 198 signatures of persons living in the city. The poll books show that at the last general state election held in November 1948, prior to April 4, 1950, 1,993 votes were cast in the election districts of which the corporate limits of the city of Sidney are a part, and 565 voters voted in the general municipal election held on April 4, 1949, in the city of Sidney. Notice of such election, based on the petition filed, was published as provided for by statute, and the question was placed on the ballot and voted on. Certain of the plaintiffs and others appeared at the city council meetings after March 3, 1950, and before the

general municipal election on April 4, 1950, to wit, on March 17 and March 24, 1950, and protested against the sufficiency of the petition, its legality, and the right of the city council to place upon the ballot the question of licensing the sale of alcoholic liquors, except beer, by the drink to be submitted to the electors of the city of Sidney at the next general municipal election on April 4, 1950, according to the provisions of Chapter 53, section 53-122, and other applicable sections of the Revised Statutes of Nebraska, 1943. The minutes of the meeting of the city council of March 24, 1950, show that the city attorney ruled that the petitions presented to the city council on March 3, 1950, petitioning for the sale of liquor by the drink in the city of Sidney and requesting that the licensing of the same be submitted to the electors of the city at the next general election were legal and valid. The city clerk was instructed to proceed with the election and the printing of the ballots according to the statutes of Nebraska. A written protest was made to the city clerk and received on April 3, 1950, protesting that the petition submitted to the city council was invalid on the basis that it did not comply with section 53-122, R. S. 1943, the Nebraska Liquor Control Act. This written protest was in support of verbal protests made to the city council on March 17 and March 24, 1950.

For convenience we will refer to the parties as designated in the district court, and the city of Sidney as the city.

The plaintiffs' assignments of error pertinent to a determination of this appeal may be summarized as follows: (1) The trial court erred in finding and decreeing that it had no jurisdiction over the subject matter of the action; (2) the trial court erred in finding that the injunction to prevent an election would have to be for the protection of public funds to prevent waste or expenditure for an illegal purpose; (3) the trial court erred in finding that the matter here involved could

be determined only by an election contest; and (4) the trial court erred in dismissing the plaintiffs' action.

In 1935, the Legislature of this state passed the Liquor Control Act, the purpose of which is to govern and control the manufacture, sale, giving away, barter, carriage, possession, and use of alcoholic liquors in the state. Under the provisions of the act liquor may be sold by the drink in a city or village where the people thereof authorize it. State ex rel. Johnson v. Hash, 144 Neb. 495, 13 N. W. 2d 716. See, Chapter 53, R. S. 1943, and amendments thereto.

The Liquor Control Act is an independent act dealing solely with the control of alcoholic liquors. See State ex rel. Johnson v. Chase, 147 Neb. 758, 25 N. W. 2d 1.

Section 53-122, R. S. 1943, sets forth the entire procedure to be followed in submitting the proposition of selling liquor by the drink in any municipality. The provisions of this section of the statute relative to the calling of a special election are not here involved. The petitioners, under this section of the statute, are required to meet certain technical requirements which are not here involved.

We summarize section 53-122, R. S. 1943, insofar as the same is applicable to the issue presented in this appeal. The commission may issue licenses for the sale of alcoholic liquors, except beer, by the drink, subject to all the terms and conditions of the act, in all cities and villages in this state if a sufficient petition shall be signed by the electors of any such city or village of such number as shall equal 20 percent of the votes cast at the last general election held therein, which shall request that the question of licensing the sale of alcoholic liquors, except beer, therein by the drink be submitted to the electors thereof and shall be presented to the municipal clerk of the governing body thereof. The question of licensing the sale of such alcoholic liquors by the drink may also be submitted at any general municipal election, except as otherwise provided in section

53-121, R. S. 1943, in any city or village in this state upon the filing with the municipal clerk of the governing body of such city or village of a petition signed by electors of such city or village of such number as shall equal 20 percent of the votes cast at the last general election held therein. In speaking of the petition, the statute reads as follows: "At the top of each sheet shall be stated the proposition * * * to be submitted and the date of the general municipal election at which it is proposed to be submitted. * * * Such petition shall be filed thirty days prior to the day of the general municipal election at which the proposition is to be submitted, * * *. Upon the ballot either at the special election hereinbefore provided (which we have purposely eliminated) or at any general municipal election, the proposition * * * shall be stated as follows: * * *." Then the proposition is stated. The provisions of the statutes of this state relating to election officers, voting places, election apparatus and blanks, preparation and form of ballots, information to voters, delivery of ballots, calling of elections, conduct of elections, manner of voting, counting of votes, records and certificates of elections, and recounts of votes, so far as applicable, shall apply to voting on the proposition or propositions under the provisions of this act.

It is the plaintiffs' contention that the signatures upon the petition required by section 53-122, R. S. 1943, must be by electors of such city or village of such number as shall equal 20 percent of the votes cast at the last general election held therein, and this means the last general state election, as distinguished from a general municipal election.

It will be observed that "general election" and "general municipal election" are both used in this section of the statute. It is also apparent that this section of the statute vests the city with local option, that is by vote to either affirmatively endorse the proposition of sale of liquor by the drink, except beer, or to reject it.

Contra, the defendants contend that the language used in the section, "last general election held therein" means the last regular or general municipal election held in the city of Sidney.

There are certain well-established rules with reference to construction of statutes.

The Supreme Court gives a broad and comprehensive meaning to all statutes in order to arrive at legislative intent. Miller v. Schlereth, 151 Neb. 33, 36 N. W. 2d 497.

Section 53-1,118, R. S. 1943, provides for a liberal construction of the Liquor Control Act.

The fundamental principle of statutory construction is to ascertain the intent of the Legislature, and to discover that intent from the language of the act itself, and it is not the court's duty nor within its province to read a meaning into a statute that is not warranted by the legislative language. Knox County v. Perry, 142 Neb. 678, 7 N. W. 2d 475.

In construing statutes, the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent so deduced from the whole will prevail over that of a particular part considered separately. In re Application of Rozgall, 147 Neb. 260, 23 N. W. 2d 85; In re Application of Silberman, 153 Neb. 338, 44 N. W. 2d 595.

With the foregoing rules in mind we proceed to a determination of this appeal.

Ordinarily, a general election is one provided for by law for the election of officers throughout the state, or certain subdivisions thereof, after the expiration of the full terms of the former officers. See 29 C. J. S., Elections, § 1, p. '12.

A regular or general election is one which recurs at stated intervals as fixed by law; it is one which occurs at stated intervals without any superinducing cause other

than the efflux of time. In the application of the foregoing rules, it is held that the term "general election" embraces a regular annual municipal election. See 18 Am. Jur., Elections, § 5, p. 181.

Any election at which there is a general and popular expression of the public will, whether that election be a state, county, or city election, is a general election. See, Wing v. Ryan, 255 App. Div. 163, 6 N. Y. S. 2d 825; State ex rel. Griffin v. Superior Court, 70 Wash. 545, 127 P. 120.

In the case of State ex rel. Castle v. Schroeder, 79 Neb. 759, 113 N. W. 192, this court in defining the term "general election" said: "One appointed to fill a vacancy in the office of alderman of a city of the first class having more than 40,000 and less than 100,000 inhabitants holds only until the next general election * * * which is the next election at which the vacancy can be filled * * *, to wit, the next regular municipal election." The court went on to say: "The words 'general election' have no uncertain meaning in this state, and, when used with reference to city elections without any qualifying words, must mean the election for municipal officers in general."

Article XVII, section 4, of the Constitution of Nebraska, which defines general state election, states: "The general election of this state shall be held on the Tuesday succeeding the first Monday of November in the year 1914 and every two years thereafter."

Section 32-101, R. S. 1943, provides the general election of this state shall be held on Tuesday succeeding the first Monday in November in each even-numbered year, thus stating the time the general state election is to be held.

Section 32-201, R. S. 1943, provides: "All state, district, county, precinct and township officers, by the constitution and laws made elective by the people, except school district officers and municipal officers in cities and villages, shall be elected at a general election to

be held at the time provided by section 32-101; Provided, that all elective officers of cities of the metropolitan class shall be elected at a regular or general city election which shall be held on the first Tuesday after the second Monday in May, 1945, and each three years thereafter."

Article XVII, section 4, of the Constitution of Nebraska, and section 32-101, R. S. 1943, define only one type of general election, namely the state general election, and it is apparent by section 32-201, R. S. 1943, where the language used is "at a general election to be held at the time provided by section 32-101," indicates that there is more than one type of a general election. We conclude that Article XVII, section 4, of the Constitution of Nebraska, and section 32-101, R. S. 1943, are not conclusive in that there is only one type of general election, and the Legislature did not so intend, as we have previously pointed out.

The plaintiffs contend that in construing a statute, courts will take judicial notice of events which·are generally known, and matters of common knowledge within the limits of their jurisdiction. Courts, in construing a statute, may with propriety recur to the history of the times when it was passed, and this is frequently necessary in order to ascertain the reason, as well as the meaning of the particular provisions of it. See Redell v. Moores, 63 Neb. 219, 88 N. W. 243, 93 Am. S. R. 431, 55 L. R. A. 740.

The plaintiffs in this connection assert that the statute now being interpreted by this court was first engrossed in its embryonic form and read, as far as necessary to consider here, as follows: "* * * a sufficient petition shall be signed by the electors of any such city or village of such number as shall equal thirty-five per cent of the votes cast at the last general municipal election held therein * * *." As finally passed and now a part of section 53-122, R. S. 1943, this section reads: "* * * a sufficient petition shall be signed by the elec-

tors of any such city or village of such number as shall equal twenty per cent of the votes cast at the last general election held therein, * * *."

It will be observed that in this part of the section being discussed as it appears now the word "municipal" does not appear before the word "election" as it did in the first instance. The section of the statute in controversy is plain and clear in that it refers to a purely local governmental unit, in this instance the city of Sidney, and requires, in order to present to the electors of the city the proposition of sale of alcoholic liquors by the drink, except beer, that there must be a sufficient petition signed by the electors of the city of such number as shall equal 20 percent of the votes cast at the last general election held therein, meaning, as we interpret the statute, in the city of Sidney.

For the reasons given in this opinion, we conclude that the language used in section 53-122, R. S. 1943, "the last general election held therein" means the last general municipal election held in the city of Sidney. This being true, the petition, by admission, contained 198 signatures, which equals 20 percent of the votes cast at the last general election held in the city of Sidney, and was sufficient to vest jurisdiction in the proper city officials to call the election, which was done and held on April 4, 1950, where the proposition of the sale of alcoholic liquors by the drink, except beer, was submitted to the electorate of the city and carried by an affirmative vote, as admitted in the record.

Other assignments of error need not be determined in view of our holding.

The judgment of the trial court in dismissing the plaintiffs' petition with prejudice at plaintiffs' costs is affirmed.

AFFIRMED.