MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
On May 13, 1977, this court reversed the judgment of the district court which had ordered that an initiated amendment to the Charter of the City and County of Denver be removed from the May 17 school board election ballot. The suit had been brought by William McNichols, Jr., as Mayor of Denver, against the Election Commission which had found that the initiated petition met all the requirements for placement on the ballot. Due to the imminence of that election only a brief order could be released at that time, and we now issue a full opinion in this matter.
Article XX, section 5, of the Colorado Constitution provides in part:
“It shall be competent for qualified electors in number not less than five percent of the next preceding gubernatorial vote in said city and county to petition the council for any measure, or charter amendment, or for a charter convention. The council shall submit the same to a vote of the qualified electors at the next general election not held within thirty days after such petition is filed; whenever such petition is signed by qualified electors in number not less than ten percent of the next preceding gubernatorial vote in said city and county, with a request for a special election, the counsel shall submit it at a special election. ... In submitting any such charter, charter amendment or measure, any alternative article or proposition may be presented for the choice of the voters, and may be voted on separately without prejudice to others. . . .
“The clerk of the city and county shall publish, with his official certification, for three times, a week apart, in the official newspapers, the first publication to be with his call for the election, general or special, the full text of any charter, charter amendment, measure, or proposal for a charter convention, or alternative article or proposition, which is to be *265 submitted to the voters.”
Pursuant to this provision, members of the Denver City Council sponsored a petition drive to place before the voters an amendment to the Charter of the City and County of Denver which, if passed, would restrict the may- or’s veto power. The amendment called for the reduction, from ten to nine, of the number of council votes necessary to override a mayoral veto and the abolition of any possible mayoral veto of an ordinance placing a proposed charter amendment before the people.
Although an initial attempt to place the amendment on the November 2, 1976 ballot failed for lack of signatures, a subsequent campaign was begun to have the amendment placed on the May 17, 1977 school board election ballot. This time over 5%, but under 10%, of the necessary signatures were obtained, and the election commission accepted the submitted petition.
Shortly thereafter, the City Attorney’s Office reversed an earlier position it had taken in response to inquiry from the election commission and advised that the May election constituted a “special” and not “general” election. This conclusion, which would have required rejection of the amendment due to the lack of sufficient signatures, was not accepted by the commission or the city council. The council proceeded with passage of the ordinance placing the amendment on the ballot, and when the clerk refused to publish notice of the amendment, the council ordered publication without the clerk’s certification.
The trial court, in striking the measure from the ballot, found (1) the May election was “special” and not “general” and thus insufficient signatures were obtained; (2) the proposed amendment was improper since it contained two separate proposals which could not be voted on alternatively; and (3) submission of the amendment was improper due to the clerk’s failure to publish notice as required by the Constitution.
I.
One overriding proposition influences our analysis of each of the findings of the trial court. In Colorado Project-Common Cause v. Anderson, 178 Colo. 1, 4-5, 495 P.2d 220, 221 (1972), a case dealing with the constitutional right of initiative, this Court observed that “(u)nder the Colorado Constitution, all political power is vested in the people and derives from them. Colo. Const., art. II, §1.” Through these mechanisms of initiative and referendum the people have reserved to themselves the right to directly express their political will and this is a fundamental aspect of our state political system. All constitutional and statutory provisions dealing with these mechanisms must be liberally construed to effectuate this purpose. Colorado Project-Common Cause v. Anderson, supra; Burks v. City of Lafayette, 142 Colo. 61, 349 P.2d 692 (1960); Yenter v. Baker, 126 Colo. 232, 248 P.2d 311 (1952). The concept is as valid for citizen initiated charter amendments as it is for any other constitutional or statutory provisions.
*266 II.
Classification of elections as either “general” or “special”, in order to apply correctly the provisions of Article XX, section 5, has never been an easy task for courts, and in various contexts, various criteria have been used. General elections have been said to be those coming at regularly scheduled intervals, see Norton v. Letton, 271 Ky. 353, 111 S.W.2d 1053 (1937) ; People v. Town of Berkeley, 102 Cal. 298, 36 P. 591 (1894); those at which there is a slate of federal, state or municipal officers, see Kessler v. Fritchman, 21 Idaho 30, 119 P. 692 (1911); even those at which there is simply a general and popular expression of public will, see Allen v. Tobin, 155 Neb. 212, 51 N.W.2d 338 (1952); Wing v. Ryan, 255 App. Div. 163, 6 N.Y.S.2d 825, aff'd, 278 N.Y. 710, 17 N.E.2d 133 (1938) .
This court has not hesitated to give a broad interpretation to the term “general” as applied to elections. For example, in Skafte v. Rorex, 191 Colo. 399, 553 P.2d 830, 833 (1976), appeal dismissed, 45 U.S.L.W. 3690 (U.S., April 19, 1977), this court described school board elections as “general” in nature due to the fact that they involved “participation in the decision making process of the polity.”
The proper basis for determining the meaning of the terms in this case is an examination of their context in Article XX, section 5. Clearly the basic provision of that article grants a right of access to the ballot when 5% of the voters have a demonstrated interest in a charter proposal. The 10% signature requirement for a special election simply reflects the increased base of citizen support thought necessary to justify the expense and difficulty of calling an election for the sole purpose of voting on the proposal. When an election is already scheduled to take place, the justification for the greater number of signatures is just not present. Thus, we hold that within the specific context of Article XX, section 5, a “general election” is a regularly scheduled election at which all qualified electors may participate. The May 17 school board election therefore constitutes a “general election” for purposes of an initiated charter amendment.
We recognize that the trial court relied on People ex rel. Austin v. Billig, 72 Colo. 209, 210 P. 324 (1922), in arriving at its conclusion. Billig, if construed literally, would in effect, prevent initiated charter amendments falling short of the 10% requirement from being considered at even what is the most general of elections, the biennial statewide elections. Such a conclusion constitutes an unduly restrictive interpretation of the constitutional provisions dealing with citizen initiated proposals. It strikes at the very heart of this Court’s interpretations of these provisions over the last twenty years. To the extent that Billig is in conflict with our holding, it is overruled.
*267 III.
Appellee McNichols contends that the state Constitution prohibits the submission of two distinct proposals to the voters without allowing them the opportunity to vote separately on each. This contention may be quickly disposed of, however, for it has been rejected by this court in the past. In City and County of Denver v. Mewborn, 143 Colo. 407, 414, 354 P.2d 155, 159 (1960), this court wrote:
“It is clear, though, that where the several propositions are related and deal with subjects within the power of the municipality there is no constitutional objection to such an amendment, even though it is multipurposed.”
See also Cooper smith v. Denver, 156 Colo. 469, 399 P.2d 943 (1965). Cf. Cook v. City of Delta, 100 Colo. 7, 64 P.2d 1257 (1937); People ex rel. Moore v. Perkins, 56 Colo. 17, 137 P. 55 (1913).
The appellee also contends that the 1975 amendment of Chapter C, Article I, section Cl. 19 of the Denver City Charter restricts multi-purpose amendments. However, several of the cases, cited were decided under a charter provision whose relevant portions were identical to the one raised here.
On two previous occasions this court has invalidated proposed charter amendments on the ground of excessive breadth, but both of these cases have since been distinguished and limited. People ex rel. Walker v. Stapleton, 79 Colo. 629, 247 P. 1062 (1926) and Howard v. Boulder, 132 Colo. 401, 290 P.2d 237 (1955) both involved attempts to remove and replace elected officials by way of a charter amendment, and it was this circumvention of election procedures that was condemned in those cases. In City and County of Denver v. Mewborn, supra, this Court explained: “These cases actually stand for the proposition that such efforts are invalid. . . . They cannot be regarded as authority for the proposition that several subjects cannot be constitutionally included within a single charter amendment.”
IV.
Finally, appellee contends that the failure of the clerk to authorize publication requires that the amendment be invalidated. However, the clerk’s duty in this case was purely ministerial, see City of Rocky Ford v. Brown, 133 Colo. 262, 293 P.2d 974 (1956); Speer v. People ex rel. Rush, 52 Colo. 325, 122 P. 768 (1912), and, in the absence of proof of actual prejudice, this infirmity does not warrant our intervention into this process. Cf. People ex rel. Moore v. Perkins, supra.
The judgment of the district court is reversed.
MR. JUSTICE GROVES and MR. JUSTICE LEE specially concurring.