Hon. James G. Cuddy Administrative Judge, City Court, Auburn
We acknowledge receipt of your letter in which you state that the City of Auburn associate city court judge will reach 70 years of age in the year 1978 and that the term of office to which the judge was elected would normally expire on December 31, 1979. The date in 1978 upon which the associate city court judge will reach age 70 will be after the date of the 1978 general election but will be in the month of November. You enclosed for our convenience in considering this problem a copy of Chapter 543 of the Laws of 1972 which is a special act of the Legislature continuing the city court of the City of Auburn in conformity with the civil and criminal provisions of the Uniform City Court Act and abolishing the recorder's court and city justice court of the city.
You request our opinion whether the Auburn city council should appoint an associate city court judge on or after January 1, 1979 or whether the position should be filled at the general election in November 1978.
Chapter 543 of the Laws of 1972, in section 4, provides for an administrative judge of the city court, for an associate city judge and for an acting city court judge; the first two of those offices are elective and the term of office of each is four years whereas the third office, acting city court judge, is an appointive office with a four year term, the appointive power being placed with the city council. Section 6 of the special act authorizes the city council to appoint to fill a vacancy in the office of administrative city judge or associate city judge until an election can be held for the purpose of filling the vacancy. The section provides, in part, as follows: "Vacancies for the remainder of the term shall be filled by general election for full termof office." (Emphasis supplied.) The section then goes on to state that vacancies in the office of acting city court judge shall be filled by appointment of the city council "for the remainder of the term that would be completed but for the vacancy." Section 10 of the special act provides that it "shall be governing and shall supersede any inconsistent provision of any general, special or local law to the contrary."
The Charter of the City of Auburn § 24 provides that vacancies in the office of mayor or councilman shall be filled as prescribed by the Optional City Government Law and in any other elective office shall be filled temporarily by appointment of the council and at the next election following the creation of the vacancy a successor shall be elected to serve the unexpired portion of the term. As the special act, by its own terms, supersedes the charter where there are inconsistencies between the two, the presumption arises that if the Legislature did not want to change the provisions in Auburn City Charter § 24 for filling vacancies in city judicial offices and the term for which the candidates to fill the vacancies would run it would not have enacted the provisions of § 6 of the special act.
The New York Constitution Article VI, § 17, par. d provides that for town and village courts and city courts outside of the City of New York the number of judges and their classification and duties shall be prescribed by the Legislature, as will be the terms, method of selection and method of filling vacancies for the judges of such courts.
The New York Constitution Article XIII, § 8 provides as follows:
 "All elections of city officers, including supervisors, elected in any city or part of a city, and of county officers elected in any county wholly included in a city, except to fill vacancies, shall be held on the Tuesday succeeding the first Monday in November in an odd-numbered year, and the term of every such officer shall expire at the end of an odd-numbered year. This section shall not apply to elections of any judicial officer." (Emphasis supplied.)
Judiciary Law § 22 provides:
 "§ 22. Certificates as to year of birth to be filed by certain judicial officers
 "Every judge, justice and surrogate of a court of record or not of record, except a justice of the peace of a town or police justice of a village must, within ten days after he enters on the duties of his office, execute and file in the office of the secretary of state a certificate stating the year in which he was born and the time when his official term will expire either by completion of a full term or by reason of the disability of age prescribed in section twenty-three of this chapter. Every such judge, justice and surrogate now holding office, unless he has already so complied, shall similarly execute and file such certificate within sixty days after this section as hereby amended takes effect."
Judiciary Law section 23 provides, in part:
"§ 23. Age limitation on term of judicial office
 "No person shall hold the office of judge, justice or surrogate of any court, whether of record or not of record, except a justice of the peace of a town or police justice of a village, longer than until and including the last of December next after he shall be seventy years of age * * *."
The case of People ex rel. Joyce v Brundage, 78 N.Y. 403 [1879] held that when a judge reached mandatory retirement age before the expiration of a full term, the term is shortened and expires on the last day of December succeeding his arrival at that age. See, also, the following informal opinions of this office; 1962 Op Atty Gen 143, 1964 Op Atty Gen 76 and 1970 Op Atty Gen 76, copies of which we enclose for your convenience. We believe the case of Matter of Wing v Ryan, 255 App. Div. 163, unanimously affirmed without opinion 278 N.Y. 710 (1938) to be of great relevance due to the similarity it bears to the facts and law involved here.
In our opinion, the term of office of the associate city court judge of the City of Auburn will expire on December 31, 1978, not on December 31, 1979, which would normally have been the case; because the term expires on December 31, 1978, the successor must be elected at the general election in 1978 and will take office on January 1, 1979; the term of office of the judge to be elected in 1978 and who will take office on January 1, 1979, will be for a full term of four years pursuant to the provisions contained in Chapter 543 of the Laws of 1972 § 6. The wording of the special act, § 6 relating to the term of office of elective judicial officers of the city elected to fill vacancies may not be completely clear standing alone but when that language is compared to the language in the same section relating to length of term of an appointee to fill a vacancy in an appointive city judicial office and compared to the language contained in the Auburn City Charter § 25 which section was superseded by the special act, it is clear that the elected successor to the present associate city judge will be elected to serve a full four year term. The election of a city judge for a full term in an even numbered year is an exception to the prohibition against election of local officers in even numbered years contained in the New York Constitution Article XIII § 8.