REQUESTED BY: Ronald D. Moravec, Cass County Attorney.
Are national and state banks, and federal and state savings and loan associations, `instrumentalities' of the United States or the State of Nebraska respectively, as contemplated by section 76-902(2), R.R.S. 1943, and thereby entitled to exemptions from the documentary stamp tax provided for therein?
National banks and federal savings and loan associations are such instrumentalities and are entitled to the exemption. State chartered banks and savings and loan associations are not.
The legislative history of Nebraska's Documentary Stamp Act, sections 76-901, R.R.S. 1943, et seq., is of little help in determining what `instrumentalities' of either the federal government or the State of Nebraska were contemplated by the Legislature in the exemption provision of the act, section 76-902(2) which provides:
 "The tax imposed by section 76-901 shall not apply to:
". . . .
 "(2) Deeds to property transferred by or to the United States of America, the State of Nebraska, or any of their instrumentalities, agencies, or subdivisions;"
However, relative to national banks, considerable authority does exist, the weight of which has been and in our views remains that national banks are instrumentalities of the federal government in connection with state taxation matters. 71 Am.Jur.2d, State and Local Taxation, § 240. See also, Department of Employment v. United States,385 U.S. 355, 17 L.Ed.2d 414, 87 S.Ct. 464 (1966). Accordingly, it is our opinion that national banks are entitled to the exemption provided by section 76-902(2), R.R.S. 1943.
Our office previously has had occasion to consider this question in connection with federal savings and loan associations. By letter dated January 4, 1968, we advised the Nebraska Tax Commissioner that federal savings and loan associations were `instrumentalities' of the federal government within the meaning of section 79-902(2). We continue to hold that view, but feel that it is significant to note a line of authority now beginning to evolve to the contrary.
The new authority is typified by a 1977 Minnesota case,Midwest Federal Savings and Loan Association v. Commissionerof Revenue, 259 N.W.2d 596, which held that the Minnesota Legislature did not, by statutory reference to instrumentalities in 1973 legislation, intend to confer a sales and use tax exemption on essentially private business organizations such as a federally chartered savings and loan association which was wholly private in character, was not part of the federal government, and performed no substantial federal function. While we feel that those determinations can be questioned, a more important factor distinguishes the Minnesota case from our situation.
The statutory construction applied by the Minnesota court appeared in large part to rest on the fact that federal legislation greatly enlarging the power of the states to tax the federal government was enacted by the Congress in 1969, 12 U.S.C.A. § 548, which was prior to the enactment of the Minnesota exemption statute. The court evidently felt that since it had become more permissible for the states to tax federal institutions by 1973, the Legislature must not have intended that such federal institutions be granted exemptions to taxes they would otherwise be subject to merely by use of the word `instrumentalities.'
Recently, in Nebraska League of Savings and Loan Associationsv. Mathes, 201 Neb. 122, 266 N.W.2d 720 (1978), the Nebraska Supreme Court, in a different context, characterized state and federally chartered savings and loan associations by language very similar to that used by the Minnesota court in the Midwest case, supra. However, we find a distinction which we feel is controlling when considering the nature of the federal savings and loan associations in the context of the Documentary Stamp Act.
That statute was enacted in 1965, at a time when the power of the states to tax federal institutions and agencies was still quite restricted and a very sensitive matter. The exemption was undoubtedly intended as a safeguard to insure that the state would not overstep its taxing authority insofar as the documentary stamp tax was concerned. While the power of the states to tax such federal institutions and agencies may have been broadened considerably since that time, we feel compelled to recur to the history of the time when the statute in question was passed in order to ascertain the reason for its passage as well as the meaning of its particular provisions. Allen v. Tobin, 155 Neb. 212,51 N.W.2d 338 (1952).
Concerning state financial institutions, we conclude that state chartered banks are not instrumentalities of the State of Nebraska as contemplated by section 76-902(2) and thus, are not entitled to the documentary stamp tax exemption granted therein. Authority on this question is admittedly scant. In large part we reach our conclusion in noting that there did not exist the same kind of broad legal prohibition against state taxation of state chartered institutions and agencies which so obviously did exist in connection with state taxation of federally chartered institutions and agencies. Thus, we are not similarly compelled to conclude that the Legislature at that time must have intended that state chartered banks be considered instrumentalities of the State of Nebraska and entitled to the documentary stamp tax exemption.
We reach our conclusion mindful of a line of Nebraska Supreme Court cases which have characterized the business of banking as embracing the establishment of a public instrumentality for the discharge of a public purpose for the promotion of public good. See Placek v. Edstrom,148 Neb. 79, 226 N.W.2d 489 (1947), and State ex rel. Sorensenv. Nebraska State Bank, 124 Neb. 449, 247 N.W. 31 (1933). It is our opinion that the history and special circumstances surrounding the relationship of the state and federal governments in connection with taxation matters distinguish those cases from this inquiry.
Finally, for the reasons set forth above in connection with state chartered banks, we also conclude that state chartered savings and loan associations are not instrumentalities of the State of Nebraska entitled to the documentary stamp tax exemption. Additionally, two statutory provisions unique to building (or savings) and loan associations confirm further our conclusion.
Section 8-329, R.R.S. 1943, provides:
 "The real estate of such associations shall be subject to taxation in the same manner as provided by law in the case of other corporations and individuals."
Further, section 8-355, R.R.S. 1943, provides that state chartered savings and loan associations are entitled to all the rights, powers, privileges, benefits and immunities which may be exercised by a federal savings and loan association doing business in Nebraska, except such state chartered associations shall not be relieved from payment of state taxes assessed under any applicable laws of the state.