REVA *v.* TOWNSHIP OF PORTAGE.

1. TOWNSHIPS—ELECTIONS—REFERENDUM—AMENDMENTS OF ZONING ORDINANCE.

Referendum petitions for submission at 1 election of the whole of 1 amendment to township zoning ordinance and a part of another amendment are void for duplicity, where statute providing for referendum on such ordinances and amendments or supplements thereto does not provide for the referendum of 2 amendments at 1 election nor for the partial referendum of an amendment (CLS 1956, §§ 125.282, 125.284).

REFERENCES FOR POINTS IN HEADNOTES
[1] 18 Am Jur, Elections §§ 165, 183.

2. COSTS—AMENDMENT OF TOWNSHIP ZONING ORDINANCE.
   No costs are allowed in suit for declaration of rights involving
   validity of petitions for submission at 1 election of the whole
   of 1 amendment to the township zoning ordinance and part
   of another amendment adopted 4 days after the first amend-
   ment (CLS 1956, §§ 125.282, 125.284).

Appeal from Kalamazoo; Fox (Raymond W.), J.
Submitted April 16, 1959. (Docket No. 65, Calendar
No. 48,006.) Decided June 5, 1959.

Bill by Jane Reva, Henry Kuiper and 10 other
property owners and taxpayers against the Town-
ship of Portage, Kalamazoo County, Michigan, a
Michigan corporation, for declaratory judgment de-
termining referendum petition void and to enjoin
election thereon. North Portage Township Citizens
Committee, a Michigan corporation, intervenes as
party defendant. Decree for plaintiffs. Interven-
ing defendant appeals. Affirmed.

*Smith & Bauckham* (*John H. Bauckham,* of coun-
sel), for plaintiffs.

*Robert J. Barber,* for defendant township, asking
affirmance.

*Yenner & Van Valkenburg* (*Wade Van Valken-
burg,* of counsel), for intervening defendant.

BLACK, J. This bill for declaratory relief names
Kalamazoo county's Portage township as defendant.
It was filed by plaintiffs as resident taxpayers of the
township for the purpose of arresting, as invalid,
certain referendary petitions some 1,000 residents
of the township had signed and filed with the town-
ship board under (as the petitioners claimed and
now claim) section 12 of the township rural zoning
act (CLS 1956, § 125.282 [Stat Ann 1958 Rev § 5-

.2963(12)]).*   The bill, having come to issue, was
met by intervention of the defendant North Portage
Township Citizens Committee, a Michigan corpora-
tion, and due pleading of the latter reciting that the
aforesaid petitions are valid and should be processed
by the township board according to the apparent
tenor of said section 12.   Issue having been joined,
the suit came to hearing before the Honorable Ray-
mond J. Fox, circuit judge of the 9th judicial cir-
cuit, and resulted in ruling and decree by which the
petitions were declared void.   The intervening
defendant appeals from such decree.   The plaintiffs,
and the defendant township, defend the decree in
this Court.

The question brought here is, as the chancellor
phrased it, "whether or not the petitions are legal
and in compliance with the laws of the State of Mich-
igan."   His negative answer, and reasoning to such
answer, receives unanimous approval here.   We
therefore adopt, as the opinion of this Court, so much
thereof as appears below.

"Upon the trial of the cause, it appeared that the
zoning board of Portage township held legal meet-
ings and recommended to the county coordinating
committee certain changes in the zoning law of de-
fendant township.   Thereafter, the township board

---

* "Sec. 12.   Within 30 days following the passage by the township
board or its rejection of such zoning ordinance, a petition signed by
10% of the persons having the qualifications of electors who have
property assessed for taxes residing in the unincorporated portion
of the township may be filed with the township clerk praying therein
for the submission of such ordinance to the electors residing in the
unincorporated portion of the township for their approval or rejec-
tion.   Upon the filing of such petition, any ordinance passed by the
township board shall not take effect until the same shall have been
approved by a majority of the electors residing in the unincorporated
portion of the township voting thereon at the next regular election
which supplies reasonable time for proper notices and printing of
ballots, or at any special election called for that purpose.   The town-
ship board shall provide the manner of submitting any ordinance to
the electors for their approval or rejection, and determining the
result thereof."

at 2 public meetings enacted 2 amendments to the zoning ordinance, the first on May 19, 1958, the same to be effective June 25, 1958, and the second on May 23d, the same to be effective June 28th. Before the effective dates of these 2 amendments, a referendum petition was filed containing sufficient signers as required by the statute. The petitions seek a referendum in 1 election upon the whole of 1 amendment to the ordinance and a part of the other. The question, therefore, is whether or not the petitions are legal and in compliance with the laws of the State of Michigan.

"The township zoning act is PA 1943, No 184. The pertinent sections thereof are sections 12 and 14.* Section 12 provides that within 30 days following the passage by the township board or its rejection of a zoning ordinance, a petition may be filed and any ordinance passed by the township board shall not take effect until the same shall have been approved by a majority of the electors voting at the next regular election. Section 12 further provides that the township board shall provide the manner of submitting any ordinance to the electors for their approval or rejection. Section 14 provides that:

" 'Amendments or supplements to the zoning ordinance may be made from time to time in the same manner provided in this act for the enactment of the original ordinance.'

"The right to a referendum upon an amendment to a zoning ordinance is clearly established by our Supreme Court's decision in the case of *Stadle* v. *Township of Battle Creek*, 346 Mich 64, where the Supreme Court said at page 69:

" 'We, therefore, hold that the act in question conferred upon the electors of Battle Creek township the right of referendum as to the amendment. The grant of the right of referendum as to amendments is valid and constitutional.'

---

* CLS 1956, §§ 125.282, 125.284 (Stat Ann 1958 Rev §§ 5.2963[12], 5.2963[14]).

"May there be joined, however, in 1 referendum all of 1 amendment and a part of another?

"In reality 2 questions are raised.  First, can you have a referendum on a part of an amendment to an ordinance, and, second, if you can, can you have a referendum on the whole of 1 ordinance and a part of another?  It is argued with reference to the claimed right to a referendum upon a part of an amendment that to hold otherwise would place it within the power of the township zoning board and the township board to enact an amendment covering 2 parcels of ground 1 of which would permit a worthwhile use and the other would allow a most objectionable use.  To deny the right to a referendum on the objectionable-use portion of the ordinance would compel a majority of the electors to vote against the worthwhile change in order to defeat the obnoxious one.  On the other hand it is argued, however, that to allow a referendum on a portion of an amendment would result, in the case of rejection of the change by the voters, in the balance of the change in said amendment becoming effective when, in fact, the township board might never have contemplated such a result.  The court is inclined to feel that the statute does not contemplate a referendum on a portion only of an amendment.  In section 12 the language appears 'submitting any ordinance' and there is no language which indicates an intention to permit the submitting of a 'part of' an ordinance.  It might be argued that the voters should be entitled to be heard on the matter at a referendum election, but it must be borne in mind that the public is protected by public meetings of the zoning board and of the township board and, likewise, the public has the power to elect a new township board if its actions do not meet with the approval of a majority of the voters.

"The court is firmly convinced, however, that 2 amendments or 1 amendment and a part of another cannot be joined in 1 referendum.  There is absolutely no language in the statutes which indicates any such intention upon the part of the legislature.  The

only language referred to by counsel for the intervening defendant from which it is argued that such a result should be permitted is the language in section 14 which reads as follows:

" 'Amendments or supplements to the zoning ordinance may be made from time to time.'

"To this court such language clearly indicates only that there may be more than 1 amendment to an ordinance, and to read into that language the meaning that it permits a referendum on 2 amendments is to read into the statute a meaning which the court finds the legislature never intended. It is the unique facts in this case alone which give rise to the contention of the intervening defendant. Since the petition for submission to the electors must be filed within 30 days following the passage of the amendment, the problem here raised could have been avoided had the township board waited more than 30 days after the first amendment before enacting the second. In such a case there never could be in 1 election a referendum on both amendments. Here, however, the problem arises because the amendments were enacted just 4 days apart. This court does not feel that the fact that the second amendment was enacted within the 30-day period after the enactment of the first amendment confers upon the intervening defendant the right to petition for a referendum upon the 2 amendments in 1 referendum."

We would add only this: The township rural zoning act authorizes timely referendary petitions in each of 2 instances; the first to bring about submission to the electors of an ordinance (in its entirety) enacted pursuant to the township rural zoning act, and the second to bring about corresponding submission of an amendment (in its entirety) of such an ordinance. The petitions in each instance must under the statute aim at but 1 target; ordinance or amendment of ordinance. This set of Portage township petitions, considered by such rule, was void for

duplicity, and the timely filing thereof burdened the defendant board with no legal duty.

Affirmed. No costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.