91 N.J. Super. 310 (1966)
220 A.2d 121
MERIDIAN DEVELOPMENT COMPANY, PLAINTIFF,
v.
EDISON TOWNSHIP, DEFENDANT, AND COUNCIL OF EDISON CIVIC ASSOCIATIONS, INTERVENOR.
Superior Court of New Jersey, Law Division.
Decided June 6, 1966.
*311 Mr. Robert S. Greenbaum for plaintiff (Messrs. Greenbaum, Greenbaum & Rowe, attorneys).
*312 Mr. Ned Jaycox Doyle for defendant (Mr. Christian J. Jorgensen, attorney).
Mr. Frederick C. Mezey for intervenor (Messrs. Adler, Mezey & Pressler, attorneys).
FURMAN, J.S.C.
The result of this prerogative writ action hinges on the issue whether the voters in a Faulkner Act municipality may amend a zoning ordinance by initiative and referendum.
Plaintiff Meridian Development Company applied for a special exception use permit for a garden apartment project of over 400 units on a 23.38-acre tract in the Residence BB zone of Edison Township. Upon recommendation of the planning board, the board of adjustment approved the special exception use on February 16, 1965. Within the 45-day period of limitations (R.R. 4:88-15), on April 2, 1965 various objectors, both individuals and associations, instituted a prerogative writ action challenging the board of adjustment resolution. That action Docket No. L-19861-64, is still pending.
Edison Township adopted a Mayor-Council Plan E form of government under the Faulkner Act (N.J.S.A. 40:69A-68 et seq.) in 1956. The objectors to the Meridian garden apartment project and others (represented by intervenor Council of Edison Civic Associations) sought to take advantage of the initiative and referendum provisions of the Faulkner Act (N.J.S.A. 40:69A-184 et seq.). An initiative petition proposing a zoning ordinance amendment to eliminate garden apartments, hospitals and recreational facilities as special exception uses in Residence B and BB zones was circulated, signed by over 7400 voters, and filed with the municipal clerk on June 1, 1965. The municipal council failed to approve or reject the initiated ordinance within the next 60 days. In compliance with N.J.S.A. 40:69A-191, the municipal clerk submitted it to a referendum of the voters at the general election of November 2, 1965. The voters cast 8172 votes in favor and 5758 votes in opposition.
*313 The pertinent statutory provisions of the Faulkner Act and the Zoning Act (R.S. 40:55-30 et seq.) are in conflict. The former vests the power in the voters to propose "any ordinance" by initiative and to adopt or reject it at the polls. The initiative and referendum procedure is one of the cornerstones of the fundamental Faulkner Act purpose to encourage citizen interest and participation in municipal affairs. Second Report of the New Jersey Commission on Municipal Government, p. 12 (1950) (referring to "these important tools of local self-government"); Public Hearings 98, 102 (1949) (statement by Mr. Bayard Faulkner); City of Newark v. Dept. of Civil Service, 68 N.J. Super. 416, 425 (App. Div. 1961). The term "any ordinance" in another statute has been construed to encompass a zoning ordinance. Village of Loch Arbour v. Ocean Tp., 55 N.J. Super. 250 (Law Div. 1959), affirmed o.b. 31 N.J. 539 (1960).
The Zoning Act is as unequivocal in R.S. 40:55-35:
"* * * no amendment or change [to a zoning ordinance] shall become effective unless the ordinance proposing such amendment or change shall first have been submitted to the planning board, when such board exists, for approval, disapproval or suggestions, and the planning board shall have a reasonable time, not less than thirty days, for consideration and report, and in the case of an unfavorable report by the planning board such amendment shall not become effective except by a favorable vote of two-thirds of the governing body."
The referral of a zoning ordinance amendment to the planning board is mandatory. Wollen v. Borough of Fort Lee, 27 N.J. 408 (1958); Hasbrouck Heights Hosp. Ass'n. v. Borough of Hasbrouck Heights, 15 N.J. 447 (1954); Hochberg v. Freehold, 40 N.J. Super. 276 (App. Div. 1956); Mulligan v. City of New Brunswick, 83 N.J. Super. 185 (Law Div. 1964). As stated by Professor Roger A. Cunningham in his article, "Control of Land Uses in New Jersey," 15 Rutgers L. Rev. 1, 46 (1960), "Participation of the planning board in the formulation of both the zoning and subdivision regulations is calculated to insure a considerable degree of conformity between them * * *."
*314 Faulkner Act municipalities are subject to general law not inconsistent with the Faulkner Act itself. N.J.S.A. 40:69A-26, 28. Indisputably, any zoning ordinance amendment must fulfill one or more of the statutory purposes of zoning in R.S. 40:55-32 and comply otherwise with the substantive provisions of the Zoning Act. Plaintiff Meridian contends that the title to the Faulkner Act would be constitutionally defective under Art. IV, Sec. VII, par. 4 of the 1947 State Constitution if the voters' power to amend the Edison Township zoning ordinance by initiative and referendum is upheld. That argument assumes falsely that such an alternative method of enactment would affect zoning substantively. Cf. McCrink v. Town of West Orange, 85 N.J. Super. 86 (App. Div. 1964), holding that a Faulkner Act initiative and referendum purporting to freeze salaries for firemen for two years was invalid as a restraint on the municipal legislative power.
The court holds that the Legislature by a later enactment, the Faulkner Act, L. 1950, c. 210, superseded the statutory procedure for the amendment of zoning ordinances in the Zoning Act, L. 1948, c. 305. Between two conflicting statutes, the later governs according to general principles of statutory construction. Two Guys from Harrison, Inc. v. Furman, 32 N.J. 199, 223 (1960); Bruck v. Credit Corp., 3 N.J. 401, 408 (1950).
This decision is warranted on broader grounds. The 1947 State Constitution declares in Art. I, par. 2 that: "All political power is inherent in the people." The members of a municipal council are the temporary repositories of the inherent power of the people. Borough of Leonia v. Borough of Fort Lee, 56 N.J. Super. 135, 144 (App. Div. 1959); see Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 476 (1952). According to the statutory scheme for zoning ordinance amendments, the planning board, an expert body, may be overruled by a two-thirds vote of the municipal council. The exercise of its expertise is valuable but reversible in the legislative process.
*315 What two-thirds of a municipal governing body may accomplish, the Legislature may entrust to a majority of voters. In democratic elections a majority governs. No limitation on the power of the people, such as a two-thirds majority requirement, is recognized by Constitution or statute. Zoning is familiar to ordinary citizens, not beyond their competence with or without the benefit of a planning board report. New Jersey enacted its first Zoning Act in 1928 (L. 1928, c. 274); Edison Township its first zoning ordinance in 1950. The election campaign, the debate and airing of opposing opinions, supplant a public hearing prior to the adoption of an ordinance by the municipal governing body (cf. N.J.S.A. 40:69A-190). An initiated ordinance must be published before and after its adoption by referendum (N.J.S.A. 40:69A-194, 196).
Other states have recognized the voters' power to adopt or amend zoning ordinances by initiative and referendum. Johnston v. City of Claremont, 49 Cal.2d 826, 323 P.2d 71 (Sup. Ct. 1958); Dwyer v. City Council of Berkeley, 200 Cal. 505, 253 P. 932 (Sup Ct. 1927); O'Loane v. O'Rourke, 231 Cal. App.2d 774, 42 Cal. Rptr. 283 (D. Ct. App. 1965); Fletcher v. Porter, 203 Cal. App.2d 313, 21 Cal. Rptr. 452 (D. Ct. App. 1962); Reva v. Township of Portage, Kalamazoo County, 356 Mich. 381, 96 N.W.2d 778 (Sup. Ct. 1959); Stadle v. Township of Battle Creek, 346 Mich. 64, 77 N.W.2d 329 (Sup. Ct. 1956); Hilltop Realty, Inc. v. City of South Euclid, 110 Ohio App. 535, 164 N.E.2d 180 (Ct. App. 1960); W.B. Gibson Co. v. Warren Metropolitan H. Authority, 65 Ohio App. 84, 29 N.E.2d 236 (Ct. App. 1940); Hubbard v. Oklahoma City, 177 Okl. 263, 58 P.2d 547 (Sup. Ct. 1936); State v. Pulliam, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294 (Sup. Ct. 1934); State ex rel. Baer v. City of Beckley, 133 W. Va. 459, 57 S.E.2d 263 (Sup. Ct. App. 1949).
Plaintiff Meridian chose not to institute a prerogative writ action to challenge the initiative but to await the outcome of the referendum. Meanwhile, according to the testimony of *316 its president, it expended large sums in salaries, other operational expenses, and engineer's and architect's fees allocated to the garden apartment project. It asserts a vested right in the special exception use granted February 16, 1963 because of its "substantial expenditures in reliance."
The court holds that any outlay of funds by plaintiff was not in reasonable reliance on the special exception use. The prerogative writ action contesting it may have been anticipated because of the intensity and vehemence of the objections. In any event, that action was brought within time. As a matter of law, expenditures, even substantial, cannot vest rights in a special exception use or building permit prior to its approval or during the running of the period within which judicial review may be sought. Morris v. Postma, 41 N.J. 354, 362 (1964); cf. Sautto v. Edenboro Apartments, Inc., 84 N.J. Super. 461, 473 (App. Div. 1964).
Plaintiff's final contention is that the eliimination of multiple dwellings as special exception uses in the partially undeveloped Residence B and BB zones is invalid under R.S. 40:55-32. This contention is untenable. Its president conceded on the witness stand that the garden apartment project would result in substantially higher population density. Among the statutory purposes of zoning are lessening congestion in the streets, prevention of overcrowding of land or buildings, avoidance of undue concentrations of populations, as well as promotion of the general welfare. Restrictions against multiple dwellings in residence zones have had judicial endorsement in a succession of reported decisions. Fanale v. Hasbrouck Heights, 26 N.J. 320 (1958); Shipman v. Town of Montclair, 16 N.J. Super. 365 (App. Div. 1951); Izenberg v. Bd. of Adjustment of City of Paterson, 35 N.J. Super. 583 (App. Div. 1955).
Will counsel submit a judgment of dismissal in favor of the defendant Edison Township.