### Fort Collins v. Dooney

### No. 24247

**The City of Fort Collins, Colorado, a municipal corporation, and Joe J. Straughn v. James T. Dooney, Dean Duncan and Ralph Kotich, individually and as representatives of a class to which they belong**

(496 P.2d 316)

Decided March 27, 1972.                    Rehearing denied May 8, 1972.

26

March, March & Sullivan, Arthur P. Roy, for plaintiff in error City of Fort Collins.

Harden, Olson & Napheys, B. F. Napheys, III, for plaintiff in error Joe J. Straughn.

John E. Kochenburger, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

On May 23, 1968, the City of Fort Collins, following prescribed procedures, enacted Ordinance No. 19, rezoning certain property owned by Straughn over the protest of area residents, including the defendants in error, Dooney, Duncan and Kotich. On June 13, 1968, the defendants in error, and others presented to the City Council a referendum petition protesting Ordinance No. 19. The Board of Elections of the City certified to the City Council that the petition contained the requisite number of signatures; also, the petition was timely filed.

At its regular meeting on July 3, 1968, the City Council reconsidered the ordinance and rejected the petition on the ground that the referendum provision of the City Charter was not applicable to an ordinance amending the zoning map.

The City, on June 24, 1968, initiated the present proceedings for a declaratory judgment to determine the applicability of the charter referendum provisions to amendatory zoning ordinances. Straughn was granted leave to intervene as a plaintiff.

The trial court held that the ordinance in question was subject to referendum. The City and Straughn brought the question here for review on writ of error challenging that judgment. As will appear, *infra,* our review of the charter, the state constitution and the findings of fact and conclusions of law of the trial court convince us that the trial court correctly decided the matter. We therefore affirm the judgment.

The only issue to be resolved is whether a zoning map amendment passed by the City Council may be subjected to the referendum procedures outlined in the Fort Collins City Charter. As indicated, we answer the question in the affirmative.

A second question which was an issue in the trial court has been resolved by our decision in *Roosevelt v. The City of Englewood,* 176 Colo. 576, 492 P.2d 65. The issue was whether the provisions of C.R.S. 1963, 139-60-5 which

requires a three-fourths majority vote of the Council to pass a zoning request over a legal protest applied to home rule cities. We there held that the statute did not apply.

As indicated, Fort Collins is a home rule city by virtue of Article XX of the state constitution. Its basic law is its charter, adopted October 5, 1954. Article XVII of the charter provides for both the initiative and referendum, in compliance with Article XX.

Section 3, Article XVII of the charter in part provides:

"The referendum shall apply to *all* ordinances passed by the Council, *except ordinances making the tax levy, making the annual appropriation, or ordering improvements initiated by petition* and to be paid for by special assessments. If at any time within thirty days after the final passage of an ordinance to which the referendum is applicable, a petition. . ., be presented to the Council, protesting against the going into effect of any ordinance, the same shall thereupon be suspended, and the Council shall reconsider such ordinance. If the same be not entirely repealed, the Council shall submit the same to a vote of the qualified electors of the City in manner as provided in respect to the Initiative, at the next general City election or at a special election called therefor. . . ." (Emphasis added.)

In *Burks v. Lafayette,* 142 Colo. 61, 349 P.2d 692, we said:

"The interpretative approach to the power of referendum which gives broad effect to the reservation in the people and which refrains from implying or incorporating restrictions not specified in the Constitution or the charter is supported by the terms of Article V. Being a reservation to the people, it should not be narrowly construed. . . ."

The language in the Fort Collins Charter is clear, unequivocal and unambiguous. It provides that *all ordinances,* with but three exceptions, are subject to the referendum provision. It is obvious that Ordinance No. 19 does not fall within any of the enumerated exceptions. *See Brooks v. Zabka,* 168 Colo. 265, 450 P.2d 653.

Upon reconsideration of the ordinance, following the filing

of the referendum petition, the Council adopted a formal resolution in which it made extensive findings of fact and, what amount to conclusions of law, determining that zoning ordinances are not subject to the referendum power reserved to the people.

The Council found and determined (1) that Ordinance No. 19 changed the zoning classification of the Straughn property "from the RL-Low Density Residential District to the RM-Medium Density Residential District and the RP-Planned Residential District"; (2) that the property was annexed in April, 1957 and was then zoned RL-Low Density Residential; (3) that, although the land on all sides of the subject property has been developed, such developments including the South College Heights and Indian Hills subdivisions and the limits of the City have extended more than a mile beyond the subject property, it has remained undeveloped; (4) that "such fact indicates to the City Council that original zoning. . . was not correct and was one of the reasons for the passage of the rezoning ordinance"; (5) that on the basis of the evidence "that failure to grant the rezoning would have constituted arbitrary and capricious action on the part of the Council" which would have resulted in court mandated rezoning as requested; (6) that an ordinance changing the zoning classification for property within the City cannot be lawfully enacted without a public hearing before the City Council after public notice is published and without a study and recommendation concerning such amendment by the Planning and Zoning Board; that in addition, the hearing before the Board requires notice to interested persons "all as set forth in Section 19-46 of the Code of Ordinances of the City of Fort Collins, Colorado, 1958, as amended. Since neither an initiated ordinance nor a referendum would comply with such notice and hearing requirements the referendum is not applicable to a rezoning ordinance."

Whether the conclusions reached by the Council would have been proper arguments for excluding zoning from the operation of the initiative and referendum provisions at the time of the adoption of the City Charter is not before us. As

30

noted above, we are here confronted with a charter provision which is so explicit that it leaves no leeway for interpretation.

■ When the charter provides that the referendum shall apply to *all ordinances*, except three types, none of which encompasses zoning, we cannot read into the provision an exception which is not there. The due process provisions of notice and hearing alluded to in the Council's resolution are proper and must be followed when amending the zoning map by council action. *McArthur v. Zabka*, 177 Colo. 337, 494 P.2d 89. The fact that due process requirements may be met in one manner when the change is by council action does not preclude other procedures from meeting due process requirements under the referendum.

"The election campaign, the debate and airing of opposing opinions, supplant a public hearing prior to the adoption of an ordinance by the municipal governing body." *Meridian Development Co. v. Edison Township*, 91 N.J. Super. 310, 220 A.2d 121.

■ The referendum is a fundamental right of the people of Colorado. In Section 1, Article V of the Constitution of Colorado, the people gave legislative power of the state to the general assembly, but the people reserved the "power at their own option to approve or reject at the polls any act, item, section or part of any act of the general assembly."

This same section continues:

"The initiative and referendum power reserved to the people by this section are *hereby further reserved to the legal voters of every city, town and municipality* as to all local, special and municipal *legislation of every character* in or for their respective municipalities. The manner of exercising said powers shall be prescribed by general laws, except that cities, towns and municipalities may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more than ten per cent of the legal voters may be required to order the referendum, nor more than fifteen per cent to propose any measure by the initiative in any city, town or municipality." (Emphasis added.)

By adopting the view we have, we do not mean to imply that the property owner is *ipso facto* stripped of his constitutional rights. The constitutional rights of the property owner are the same whether zoning is denied or granted by the action of the elected representatives of the people (City Council) or by the people acting directly by initiative or referendum. We can conceive of situations where the court might hold that the action of the electorate was arbitrary and capricious. Under no circumstances could an ordinance amending the zoning map in a way that would deprive the owner of all economic use be upheld. Colo. Const. art. II, § 15; U.S. Const., Amend. V.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.