TALBOTT FARMS, INC., a Colorado Corporation, Plaintiff-Appellant,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF GARFIELD, State of Colorado, Defendant-Appellee.

No. 78–1216.

Colorado Court of Appeals, Division I.

Aug. 9, 1979.

Rehearing Denied Sept. 6, 1979.

Nicholas W. Goluba, Jr., Dan Kerst, Carbondale, for plaintiff-appellant.

Arthur A. Abplanalp, Jr., Glenwood Springs, for defendant-appellee.

COYTE, Judge.

From the dismissal of its action for judicial review of an order of the defendant county commissioners, Talbott Farms, Inc., appeals. We affirm in part and reverse in part.

Talbott Farms, Inc., supplies domestic and irrigation water to the residents of the Mountain Shadows Subdivision, near New Castle, Colorado. Upon petition of 51 residents of the subdivision (petitioners) the defendant county commissioners set a maximum rate for this water, pursuant to § 37–85–101 et seq., C.R.S.1973. Talbott Farms timely challenged this rate order in the district court, seeking declaratory and injunctive relief, and relief in the nature of certiorari pursuant to C.R.C.P. 106(a)(4). The district court ruled that petitioners were indispensable parties under C.R.C.P.

19, and dismissed the action for failure to join them within the 30 day time limit of C.R.C.P. 106.

We uphold the judgment of the district court dismissing Talbott Farms' claim under C.R.C.P. 106(a)(4), but rely upon a different reason than that utilized by the district court, and we reverse the dismissal of Talbott Farms' claims for declaratory and injunctive relief.

### C.R.C.P. 106(a)(4)

The district court concluded that the proceeding under § 37–85–101 et seq., C.R. S.1973, for setting maximum water rates was quasi-judicial, and thus subject to review under C.R.C.P. 106(a)(4), but dismissed the claim for failure to join indispensable parties. However in our view the determination that the ratemaking procedure was quasi-judicial was an erroneous application of the criteria for identifying quasi-judicial functions adopted in *Englewood v. Daily*, 158 Colo. 356, 407 P.2d 325 (1965).

Here, the proceedings established uniform rates for all water users within the county, and such an action with broad applicability and future effect is a legislative function. *See Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975); *Colorado-Ute Electric Ass'n, Inc. v. Air Pollution Control Comm'n*, Colo.App., 591 P.2d 1323 (1978). Furthermore, ratemaking proceedings have been characterized as legislative functions. *Public Utilities Commission v. Northwest Water Corp.*, 168 Colo. 154, 451 P.2d 266 (1969); *City & County of Denver v. People ex rel. Public Utilities Comm'n*, 129 Colo. 41, 266 P.2d 1105 (1954). Thus, because it was a legislative action, C.R.C.P. 106(a)(4) was not the proper vehicle for review of the ratemaking order of the county commissioners, and the district court properly dismissed the claim.

### Declaratory and Injunctive Relief

The district court also dismissed Talbott Farms' claims for injunctive and declaratory relief. In doing so it relied on *Norby v. City of Boulder*, Colo., 577 P.2d

277 (1978), for the proposition that C.R.C.P. 106(a)(4) is the exclusive remedy for review of a quasi-judicial action and all grounds for challenge must be prosecuted in one action brought within the 30-day time limit of C.R.C.P. 106. Because the court ruled that indispensable parties had not been timely joined, and that therefore the action had not been perfected within the 30-day limit, it dismissed the action in its entirety.

Our conclusion that the ratemaking proceeding was legislative makes *Norby* inapplicable, and compliance with the C.R.C.P. 106 time limit is therefore unnecessary. Declaratory and injunctive relief are the proper methods for review of a legislative action. *See Snyder, supra,* and *State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968).

### Indispensable Parties

■ The county commissioners contend that the petitioners were indispensable parties under C.R.C.P. 19. We disagree. The petitioners in this case were residents of the Mountain Shadows Subdivision who requested the county commissioners to fix a maximum water rate, which would then apply to all water users in the county. The record contains no showing that the petitioners were affected in any unique way; they shared only the common interest of all persons subject to the rate. The petitioners' lack of a property interest in the outcome of this litigation and the generalized effect of the county commissioners' action distinguishes this case from prior Colorado decisions holding that applicants in administrative agency actions are indispensable parties. *Cf. Westlund v. Carter,* Colo., 565 P.2d 920 (1977); *Board of County Commissioners v. Carter,* Colo., 564 P.2d 421 (1977).

In a decision involving a strikingly similar situation, *i. e.,* review of an order of a board of county supervisors fixing maximum water rates, the United States Supreme Court held that it was not necessary for the citizens who petitioned to initiate the ratemaking action to participate in judicial review of the rate order:

"The petitioners did not complain of injury to any private interest of theirs. They had none. They appeared on behalf of the public only, and asked purely legislative action in the form of a general rule for the future to govern the public at large. . . . As soon as such a rule was established, if not as soon as a hearing was begun, the petitioners were merged in the public affected by the rule. The present bill is an independent proceeding to have the ordinance declared void. In such a case the body making the regulation is the usual, proper, and sufficient party respondent, and the default of those who set the original proceedings in motion is immaterial, so long as it defends the case." *San Diego Land & Town Co. v. Jasper,* 189 U.S. 439, 23 S.Ct. 571, 47 L.Ed. 892 (1903).

Where petitioners had no interest in the outcome of the judicial review beyond that shared by all water users in the county, their presence was not necessary for continuation of the action. Thus, it was error to dismiss this action for failure to join indispensable parties.

The judgment is affirmed as to the dismissal of the C.R.C.P. 106(a)(4) action, is reversed as to the dismissal of the action for declaratory and injunctive relief, and the cause is remanded to the district court with directions to reinstate plaintiff's claim for declaratory and injunctive relief.

VAN CISE and STERNBERG, JJ., concur.