**Robert R. WRIGHT, Edna S. Webster, and Norma D. Beard, Plaintiffs-Appellees,**

v.

**The CITY OF LAKEWOOD, a municipal corporation; Charles E. Whitlock, Mayor of the City of Lakewood; and James Lee, John Morgan, Carolyn Bacher, Raymond Fink, James Eitzen, Paul Thompson, Sharon Carr, Lester Willson, Carl Neu, and Gaylor Smith, Individually, and as members of the Lakewood City Council of the City of Lakewood, Defendants-Appellants.**

No. 79CA0668.

Colorado Court of Appeals, Div. II.

Dec. 20, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Granted March 17, 1980.

Skelton, Oviatt & O'Dell, Jeffrey J. Kahn, Wheat Ridge, for plaintiffs-appellees.

Gorsuch, Kirgis, Campbell, Walker & Grover, John S. Pfeiffer, Robert E. Warren, Jr.,

Susan K. Griffiths, Denver, for defendants-appellants.

RULAND, Judge.

The City of Lakewood appeals from a summary judgment determining that a rezoning ordinance and an amendment to the City's master plan are subject to a referendum election. We reverse.

The relevant facts are not in dispute. Lakewood is a statutory non-home-rule city. In April of 1975, the City Planning Commission adopted a master plan which was approved by the City Council. In June of 1978, the Council both adopted an ordinance rezoning certain property in the City, and passed a resolution which amended the master plan.

Plaintiffs timely filed petitions seeking referendum relative to both the ordinance and resolution. The Council refused to accept the petitions, concluding that neither the ordinance nor the resolution were subject to a referendum. Plaintiffs then filed this action seeking a declaratory judgment.

The referendum power contained in the *Colo.Const.*, Art. V., Sec. 1, applies only to acts by the City which are legislative in character. *Aurora v. Zwerdlinger*, 194 Colo. 192, 571 P.2d 1074 (1977). Conversely, actions by the City which are necessary to carry out existing legislative policies and purposes are deemed to be administrative only. *Aurora v. Zwerdlinger, supra.*

In the context of zoning, adoption of a comprehensive zoning plan constitutes enactment of the legislative policy of a city. *See Greeley v. Ells*, 186 Colo. 352, 527 P.2d 538 (1974); *Nopro v. Town of Cherry Hills*, 180 Colo. 217, 504 P.2d 344 (1972). As to rezoning ordinances, in *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975), our Supreme Court stated:

"Although our early decisions viewed the enactment of *rezoning* ordinances as a legislative function, the more recent decisions have held such activity to be a quasi-judicial function and reviewable under Rule 106(a)(4). In so doing, we have distinguished between the adjudicative process involved in enacting a *rezoning* ordinance and the legislative process involved in passing the general zoning ordinance." (footnotes omitted)

Thus, it necessarily follows that neither adoption of a rezoning ordinance nor approval of an amendment to the master plan constitutes a legislative act which is subject to the referendum power contained in the Colorado Constitution.

Plaintiffs' reliance on *Fort Collins v. Dooney*, 178 Colo. 25, 496 P.2d 316 (1972), is misplaced. There, our Supreme Court was concerned only with interpretation of the referendum powers contained in the Fort Collins city charter.

The judgment is reversed and the cause remanded with directions to enter judgment for Lakewood.

BERMAN, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting.

I respectfully dissent.

I disagree with the majority's interpretation of *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975). The issue in *Snyder* was whether certiorari review pursuant to C.R.C.P. 106(a)(4) was the exclusive method for judicial review of rezoning ordinances. However, the fact that rezoning ordinances are subject to certiorari review does not affect their status as legislative acts.

Here, the issue is whether rezoning ordinances and amendments to the master plan are subject to the referendum process. The referendum power reserved to the people must be liberally construed. *See Brooks v. Zabka*, 168 Colo. 265, 450 P.2d 653 (1969). And, contrary to the majority view, I consider *Fort Collins v. Dooney*, 178 Colo. 25, 496 P.2d 316 (1972), as persuasive on this issue.

In *Dooney*, our Supreme Court held that the referendum process was available to review a rezoning ordinance under the Fort Collins charter. The charter reserved the referendum process for all ordinances except for three types—none of which encompassed zoning.

Lakewood is a statutory city, and thus, *Colo.Const.*, Art. V., Sec. 1, applies. That section provides:

"The initiative and referendum powers reserved to the people by this section are hereby further reserved to the legal voters of every city, town and municipality as to all local, special and municipal legislation of every character in or for their respective municipalities."

No exception appearing in the Constitution for rezoning ordinances, it is apparent that rezoning decisions are not exempt. Therefore, the referendum process applies.

I would affirm the judgment of the district court.