Larry MARGOLIS, Wayne H. Roth and Robert Wiegand, II, Petitioners,

v.

DISTRICT COURT In and For the COUNTY OF ARAPAHOE and State of Colorado and the Honorable George B. Lee, Jr., one of the Judges thereof, Respondents.

Robert R. WRIGHT, Edna S. Webster, and Norma D. Beard, Petitioners,

v.

The CITY OF LAKEWOOD, a Municipal Corporation; Charles E. Whitlock, Mayor of the City of Lakewood; and James Lee, John Morgan, Carolyn Bacher, Raymond Fink, James Eitzen, Paul Thompson, Sharron Carr, Lester Willson, Carl Neu, and Gaylor Smith, individually and as members of the Lakewood City Council of the City of Lakewood, Respondents.

Jerry G. YANZ, Sandra K. Yanz, Walter E. Mader, Jr., Suzanne S. Mader, Raymond L. McLaren, Joanne E. McLaren, Paul H. Morris, Marie E. Wirsing, Herbert T. vonGoetz, Ruth C. vonGoetz, Peter de Steiguer, Bonnie S. de Steiguer, Gregory E. Lewis and Peggy J. Nelson, and all others similarly situated, Plaintiffs-Appellants,

v.

The CITY OF ARVADA, a Municipal Corporation, and Kenneth M. Gorrell, Vesta H. Miller, Robert Frie, and Jewell E. "Judy" Ford, individually and as members of the City Council of the City of Arvada, Harold N. "Hal" Heller, Rita Schnidt, and Rosemary J. Dooley, as members of the City Council of the City of Arvada, Defendants-Appellees.

Nos. 80SA110, 80SC43 and 80SC59.

Supreme Court of Colorado,
En Banc.

Dec. 28, 1981.

McMartin, Burke, Loser & Fitzgerald, P. C., Ronald S. Loser, Herbert C. Phillips, Englewood, for petitioners in No. 80SA110.

Banta, Hoyt, Malone & Banta, P. C., J. Mark Hannen, Englewood, for respondents in No. 80SA110.

Blake T. Jordan, Wheat Ridge, for amicus curiae Colorado Municipal League in all cases.

Skelton, Oviatt & O'Dell, Jeffrey J. Kahn, Wheat Ridge, for petitioners in No. 80SC43.

Gorsuch, Kirgis, Campbell, Walker & Grover, Robert E. Warren, Jr., Susan K. Griffiths, John S. Pfeiffer, Denver, for respondents in No. 80SC43.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, Denver, for amicus curiae Home Builders Ass'n of Metropolitan Denver.

Myles J. Dolan, Charles T. Flett, Arvada, for plaintiffs-appellants in No. 80SC59.

Benjamin King, Arvada City Atty., Arvada, Greengard, Blackman & Senter, Richard D. Greengard, Thomas S. Rice, Denver, for defendants-appellees in No. 80SC59.

LEE, Justice.

These three cases have been consolidated for the purpose of oral argument and opinion. They present the question whether zoning and rezoning by municipal governing bodies are legislative acts subject to challenge by popular referendum. We find that, in the context of these cases, zoning and rezoning are legislative in character and thus subject to the referendum and initiative powers reserved to the people under *Colo.Const.* art. V, sec. 1.[1]

---

**1.** Article V, section 1 of the Colorado Constitution provides in part:

## I.

The factual background and procedural setting of each of the three cases is different and is set forth separately.

### The Greenwood Village Case

The case of *Margolis, et al. v. District Court*, No. 80SA110 (the Greenwood Village case), concerns the original zoning of land recently annexed to the City of Greenwood Village.[2] On March 26, 1979, the City of Greenwood Village annexed 31 parcels of undeveloped land constituting approximately 90 acres, and on July 16, 1979, a zoning ordinance was passed establishing the zoning for the annexed land.·

On July 16, 1979, a petition for a referendum on the zoning ordinance and a petition for an initiative establishing a different zoning scheme were filed with the Greenwood Village City Council.[3] On August 6, 1979, the Greenwood Village City Council refused to act on the petitions because they related to zoning matters which the council believed were not legislative in character, and therefore were not within the referendum and initiative provisions of the Colorado Constitution, article V, section 1, and the Greenwood Village Charter.[4]

Margolis and other qualified electors filed a C.R.C.P. 106(a)(2) action in the District Court of Arapahoe County, seeking an order either to compel the Greenwood Village City Council to repeal the zoning ordinance or to submit the petition for a referendum, and for an order forcing the Greenwood Village City Council either to adopt the alternative zoning measure or to submit the petition for an initiative vote of the electors of Greenwood Village.

Margolis joined as defendants the Greenwood Village City Council and two of the individual landowners whose property was affected by the zoning dispute. Two other landowners moved to intervene in the action.

The district court refused to grant intervention and dismissed all claims against the two landowners originally named as defendants. The court also granted the motion of Greenwood Village to dismiss the referendum and initiative petitions dealing with the zoning ·of the annexed property, on the grounds that the zoning decisions were quasi-judicial and thus not subject to the referendum and initiative provisions of the Colorado Constitution and the Greenwood Village Charter.

Margolis petitioned in this original proceeding under C.A.R. 21 to review the dismissal by the district court. We issued a rule to show cause why the relief requested should not be granted.

### The Lakewood Case

The case of *Wright, et al. v. City of Lakewood*, No. 80SC43, is before this court on certiorari to the court of appeals.

---

"The initiative and referendum powers reserved to the people by this section are hereby further reserved to the legal voters of every city, town and municipality as to all local, special and municipal legislation of every character in or for their respective municipalities. The manner of exercising said powers shall be prescribed by general laws, except that cities, towns and municipalities may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more than ten per cent of the legal voters may be required to order the referendum, nor more than fifteen per cent to propose any measure by the initiative in any city, town or municipality."

2. Greenwood Village is a home-rule city.

3. Petitions for an initiative which would have imposed a temporary moratorium on rezoning

applications were also filed. The Greenwood Village City Council refused to pass the proposed ordinance or set a date for a vote on this initiative. This refusal was appealed to the district court as another separate claim in this lawsuit. That claim is still pending.

4. The Colorado Constitution, art. V, sec. 1, requires a municipal governing body, when presented with petitions for a referendum, to repeal the ordinance or set a referendum election on the issue. In the case of initiative petitions the governing body must pass the proposed ordinance intact or set the initiative for an election. *See also* sections 1–40–115, 116, C.R.S.1973 (1980 Repl.Vol. 1B), for the similar rule which applies to statutory cities like Lakewood.

On June 12, 1978, the Lakewood City Council adopted an amendment to the Master Land-Use Plan of the City and passed an ordinance rezoning certain properties within the area covered by the amendment to the master plan.[5] The amendment to the master plan and rezonings by the Lakewood City Council would allow development of an activity center in the area around the Villa Italia Shopping Mall. The plan called for increased commercial, office building, and residential usages as well as significant street improvements, in an apparent attempt to create an integrated "downtown" area within the City of Lakewood.

On July 11, 1978, Wright and other citizens of Lakewood filed petitions seeking a referendum on the amendment to the master plan and on the rezonings. The Lakewood City Council refused to repeal the ordinance and did not set a date for the referendum election.

Wright filed an action for declaratory relief and mandamus to force the City of Lakewood to hold a referendum election. On June 13, 1979, the District Court of Jefferson County granted Wright's motion for summary judgment and ordered the city council to repeal the ordinances or set an election on the referendum petitions.

Lakewood appealed to the court of appeals. A divided court reversed, holding that the approval of an amendment to the master plan and the adoption of a rezoning ordinance were not "legislative" acts and therefore were not subject to the referendum power contained in the Colorado Constitution, art. V, sec. 1 *Wright v. City of Lakewood*, 43 Colo.App. 480, 608 P.2d 361 (1979).

We granted certiorari to review the decision of the court of appeals.

#### The Arvada Case

*Yanz, et al. v. City of Arvada*, No. 80SC59, is before this court on a writ of certiorari under C.A.R. 50 because of the important issues it presents.

On February 10, 1979, the Arvada City Council adopted an ordinance rezoning 3.34 acres of land at the corner of 72nd Avenue and Wadsworth Boulevard from single-family residential to commercial. The proposed use of the property was for a professional office building.

Within the time limit specified in the city charter,[6] Yanz, and other qualified electors (Yanz), submitted petitions calling for a referendum on the rezoning approved by the Arvada City Council. On April 6, 1979, the Arvada City Council rejected the petitions and refused to schedule an election.

Yanz brought an action in the Jefferson County district court seeking a declaration that the rezoning ordinance was subject to the referendum provisions of the Arvada City Charter and the Colorado Constitution, and seeking damages for violation of Yanz' constitutional rights.

The district court granted Arvada's motion for summary judgment. It held that rezoning decisions of the city council were not subject to the referendum provisions and that Yanz' sole remedy was limited to judicial review under C.R.C.P. 106(a)(4).

Yanz appealed to the court of appeals. Certiorari before judgment was granted under C.A.R. 50.

#### II.

Before reaching the main issues to be decided in this case, there are threshold procedural issues raised in the Greenwood Village case which must be determined.

#### A.

■ Greenwood Village first claims that the case is not properly before this court under C.A.R. 21 and that any error made by the district court may properly be corrected on appeal. We have previously held that original proceedings are authorized to

"... test whether the trial court is proceeding 'without or in excess of its jurisdiction' C.A.R. 21(a) ..." [and] to review

---

5. Lakewood is a statutory city.

6. Arvada is a home-rule city.

a serious abuse of discretion where an appellate remedy would not be adequate." (Citations omitted.) "It is not a substitute for appeal, . . . [and] the exercise of original jurisdiction under C.A.R. 21 is discretionary." (Citations omitted.) *Coquina Oil v. District Court*, Colo., 623 P.2d 40 (1981).

*See also, Sanchez v. District Court*, Colo., 624 P.2d 1314 (1981). Since the ruling of the district court has allegedly denied the citizens their fundamental right to challenge government decisions by referendum and initiative, we have elected to accept jurisdiction to determine if a fundamental right has been denied, and, if so, to prevent the perpetuation of that denial.

## B.

■ Greenwood Village also argues that Margolis failed to join indispensable parties under C.R.C.P. 19; that the failure to join these parties is a jurisdictional defect; and, that therefore, dismissal of Margolis' claims was mandatory. *See Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277 (1978). We disagree.

In this case, Greenwood Village argues that the individual landowners of the zoned plots should have been joined since the owners had a "direct and substantial interest in the outcome of this suit." Two individual landowners had originally been joined as defendants, as "representatives" of their class, and two other landowners sought intervention of right under C.R.C.P. 24(a). The district court dismissed the claims

against the two landowners originally joined and refused to grant the motion to intervene submitted by the other landowners.

We hold that the individual landowners are not indispensable parties to this action under C.R.C.P. 19(b), nor are they necessary parties whom the district court should have joined under C.R.C.P. 19(a).[7] The relief sought can be granted in the absence of the landowners, and the relief neither impairs nor impedes the landowners' ability to protect their interests, and does not lead to the risk of multiple inconsistent obligations. The issues to be determined in this case are whether zoning and rezoning are legislative and thus subject to the referendum and initiative powers reserved to the people. While the landowners' interests may be indirectly affected by the decision resulting from referendum and initiative elections, the resolution of the issues in dispute in no way affects the landowners of the subject property any more than it affects other landowners of the city. *See Talbott Farms v. County Commissioners*, 43 Colo.App. 131, 602 P.2d 886 (1979). Therefore, the landowners are not necessary parties and *a fortiori* they were not indispensable parties. C.R.C.P. 19(b).

## III.

In determining whether the acts of zoning and rezoning are subject to the referendum and initiative powers reserved to the people, a review of recent cases is helpful. In *Fort Collins v. Dooney*, 178 Colo. 25, 496

---

7. C.R.C.P. 19 provides in relevant part:

"(a) *Persons to be Joined if Feasible.* A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties; or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest . . .

"(b) *Determination by Court Whenever Joinder Not Feasible.* If a person as described in

subsections (a)(1) and (a)(2) of this Rule cannot be made a party, the court shall determine whether in the interest of justice the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

P.2d 316 (1972), we held that a rezoning ordinance passed by the city council was subject to the referendum provisions of the Fort Collins City Charter. In that case, we held that a city charter provision which provided that "[t]he referendum shall apply to *all* ordinances passed by the Council, . . ." (emphasis added) with certain non-applicable exceptions, required that the city council submit the rezoning ordinance to a referendum vote by the electorate.

*Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975), raised a question of the proper procedure for judicially challenging the rezoning of a particular piece of property. In *Snyder*, Lakewood residents, more than 30 days after final action by the city council, had brought a declaratory judgment action pursuant to C.R.C.P. 57 challenging a rezoning ordinance. In the context of that case, this court held that the action of rezoning was quasi-judicial and, therefore, the exclusive judicial remedy was review by certiorari under C.R.C.P. 106(a)(4). Since the residents had not brought the action within the 30 day time limit set forth in C.R.C.P. 106(b), their action was dismissed.

In *Aurora v. Zwerdlinger*, 194 Colo. 192, 571 P.2d 1074 (1977), referendum petitions had been filed seeking review of an ordinance setting water rates. The evidence showed that Aurora was contractually bound to set water rates at a level sufficient to cover the operational costs of its water system and to pay the principal and interest on bonds issued to finance construction of the water system. In *Zwerdlinger* we held that the Colorado Constitution, art. V, sec. 1, reserved the powers of referendum and initiative "only to acts which are legislative in character." We also held that while city charter provisions may not limit the referendum and initiative powers re-

served in the Colorado Constitution, the powers reserved by city charter may exceed those reserved by the Colorado Constitution. *Id.*[8] Additionally, this court held that while the Aurora Charter provided that the referendum power applies to "all ordinances," except listed exemptions, the charter reserved the referendum power only as to "all legislative ordinances."[9] The court concluded that the referendum power contained in the Aurora Charter was co-extensive with that of the Colorado Constitution. The court then held that the setting of water rates was *administrative* rather than *legislative* in character and, therefore, was not subject to the referendum power reserved in the Aurora Charter and the Colorado Constitution.

### IV.

In deciding whether the zoning and rezoning powers of municipalities are subject to the people's retained powers of referendum and initiative, we must examine the nature of that retained power. In *Bernzen v. Boulder*, 186 Colo. 81, 525 P.2d 416 (1974), we previously stated that "[w]e view recall, as well as initiative and referendum, as fundamental rights of a republican form of government which the people have reserved unto themselves." *See also Dooney, supra.* In *Brooks v. Zabka*, 168 Colo. 265, 450 P.2d 653 (1969), we also held that "[s]uch a reservation of power in the people must be liberally construed in favor of the right of the people to exercise it. Conversely, limitations on the power of referendum must be strictly construed." *See also Election Commission v. McNichols, Jr.*, 193 Colo. 263, 565 P.2d 937 (1977); *Common Cause v. Anderson*, 178 Colo. 1, 495 P.2d 220 (1972); *Burks v. City of Lafayette*, 142 Colo. 61, 349 P.2d 692 (1960); *Yenter v. Baker*, 126 Colo. 232, 248 P.2d 311 (1952); and *Brownlow v. Wunsch*, 103 Colo. 120, 83 P.2d 775 (1938).

**8.** It is therefore clear that the argument made by the City of Greenwood Village, that the specific zoning procedures of its charter take precedence over the more general initiative and referendum provisions of its charter and of the Colorado Constitution, is without merit. The referendum and initiative cannot be so limited. *Zwerdlinger, supra;* and *see Assoc. Home*

*Builders v. Livermore*, 18 Cal.3d 582, 557 P.2d 473, 135 Cal.Rptr. 41 (1976).

**9.** The *Zwerdlinger* decision has thus limited the holding of *Fort Collins v. Dooney, supra*, which considered a local charter provision providing that the referendum shall apply to "all ordinances," with but three exemptions.

One of the unquestioned purposes of the referendum and initiative powers is to expeditiously permit the total and free exercise of legislative power by the people, except in rare circumstances. *Brooks v. Zabka, supra.* Thus, the power to call referendum and initiative elections is a direct check on the exercise or non-exercise of legislative power by elected officials. Indeed, a heightened community sensitivity to the quality of the living environment and an increased skepticism of the judgment of elected officials provide much of the impetus for the voters' exercise of the powers of referenda and initiative in the zoning context. *Comment, The Proper Use of Referenda in Rezoning,* 29 Stanford L.R. 819 (1977).

 We conclude that under the Colorado Constitution, art. V, sec. 1, only those acts of a city council which are legislative in character are subject to the referendum and initiative powers. *Zwerdlinger, supra.*[10] It is therefore important to recognize that municipal governing bodies perform not only legislative functions, but quasi-judicial and administrative functions as well. *See Snyder, supra,* and *Zwerdlinger, supra.*

In *Zwerdlinger, supra,* we set forth considerations for distinguishing, in certain circumstances, among the kinds of acts performed by municipal governing bodies. We stated:

" . . . that an action that relates to subjects of a permanent or general character are legislative, while those which are temporary in operation and effect are not. Additionally, acts that are necessary to carry out existing legislative policies and purposes or which are properly characterized as executive are deemed to be administrative, while acts constituting a

declaration of public policy are deemed to be legislative." *Zwerdlinger, supra.*

In *Snyder, supra,* we explored, in the context of the appropriate method of judicial review, the distinction between legislative and quasi-judicial acts. We held that, when deciding upon the proper form of *judicial* review, acts of a city council which had the earmarks of quasi-judicial proceedings, *i.e.,* notice to individual landowners, hearings, and decision-making by the application of facts to specified criteria established by law, were properly reviewed under C.R.C.P. 106(a)(4). However, we have also noted that ordinances establishing general policies, such as a zoning ordinance, even though accompanied by procedures for notice and public hearing, were, when determining the proper procedure for review, legislative in nature and reviewable under C.R.C.P. 57 when the constitutional application of the ordinance is involved. *See Collopy v. Wildlife Commission,* Colo., 625 P.2d 994 at n. 19 (1981).

For the purpose of determining whether they are subject to referendum and initiative, zoning and rezoning decisions have been held to be legislative in some states, while other states have held one or the other, or both, to be quasi-judicial. We recognize that there is significant authority supporting all views on this issue. Annot. 72 A.L.R.3d 991; Annot. 72 A.L.R.3d 1030; *Glenn, Rezoning by Referendum and Initiative,* 51 So.Cal.L.R. 265 (1978), *Comment, The Proper Use of Referenda in Rezoning,* 29 Stanford L.R. 819 (1977); *Comment, The Initiative and Referendum's Use in Zoning,* 64 Cal.L.R. 74 (1976).

 It is quite clear under the tests set forth in *Zwerdlinger, supra,* that original zoning decisions are legislative in character

**10.** The charter provisions of Arvada and Greenwood Village are identical to those of the City of Aurora as discussed in *Zwerdlinger, supra. See* § 5.13, Arvada Charter and §§ 5.1 and 5.3, Greenwood Village Charter. Therefore, they may not be read as authorizing referendum on non-legislative decisions. Since Lakewood is a statutory city, referendum and initiative are controlled by sections 1–40–115 and 116, C.R.S. 1973 (1980 Repl.Vol. 1B), and its City Code

provisions §§ 2.52.010 and 2.52.140 which substantially conform to the statute. We view the statutory scheme to which statutory cities are subject to be co-extensive with but not more expansive than the power reserved to the people under the Colorado Constitution. Therefore, since the Lakewood City Code does not provide otherwise, only if an ordinance is legislative in character is it subject to the referendum and initiative powers in a statutory city.

since the act of original zoning is of a general and permanent character and involves a general rule or policy. *See Snyder, supra.* Therefore, being legislative in character, it is subject to the referendum and initiative provisions of the Colorado Constitution. *See Arnel Development Co. v. City of Costa Mesa,* 28 Cal.3d 511, 620 P.2d 565, 169 Cal.Rptr. 904 (1980), and the cases cited therein.

We do not believe that, for the purposes of determining whether it is subject to referendum and initiative, rezoning may be characterized as other than a legislative decision subject to referendum and initiative. It seems entirely inconsistent to hold that an original act of general zoning is legislative, whereas an amendment to that act is not legislative. It appears only logical that since the original act of zoning is legislative, the amendatory act of rezoning is likewise legislative even though the procedures may entail notice and hearing which characterize a quasi-judicial proceeding. Essentially, the city council ultimately amends the zoning ordinance or denies the amendment, a legislative function. *See City of Coral Gables v. Carmichael,* 256 So.2d 404 (Fla.Dist.Ct.App.1972).

It cannot be disputed that large rezonings, such as occurred in the Lakewood case, are general and permanent in character and involve the setting of a general rule or policy. *See San Diego. Bldg. Contr. Ass'n. v. City of San Diego,* 13 Cal.3d 205, 529 P.2d 570, 118 Cal.Rptr. 146 (1974), appeal dismissed 427 U.S. 901, 96 S.Ct. 3184, 49 L.Ed.2d 1195 (1976).

However, Arvada argues that a rezoning involving a small tract such as that rezoned in the present case under review is more adjudicative or quasi-judicial, and thus ought not be subject to referendum and initiative. We do not find such an analysis persuasive. As stated in *Arnel Development Co. v. City of Costa Mesa, supra* :

"The factual setting of the present case illustrates the problems courts will face if we abandoned past precedent and attempted to devise a new test distinguishing legislative and adjudicative decisions.

The Court of Appeal, for example, found here that the instant initiative was an adjudicative act because it rezoned a 'relatively small' parcel of land. . . . The size of the parcel ... [does not determine] the distinction between the making of land-use policy, a legislative act, and the asserted adjudicatory act of applying established policy. The rezoning of a 'relatively small' parcel, especially when done by initiative, may well signify a fundamental change in city land-use policy.

"Plaintiffs alternatively urge that the present initiative is adjudicatory because it assertedly affects only three landowners. But this is a very myopic view of the matter; the proposed construction of housing for thousands of people affects the prospective tenants, the housing market, the residents living nearby, and the future character of the community. The number of landowners whose property is actually rezoned is as unsuitable a test as the size of the property rezoned."

While decisions on "small" rezonings may directly affect only a few people, such decisions may more properly be seen as the setting of policy for the future. While rezonings occur more frequently than initial zonings, they likewise tend to be permanent in nature. *See Arnel, supra,* for a listing of California cases which hold rezoning of "small" parcels of land to be legislative.

In view of the purposes for which the referendum and initiative powers were reserved, and the nature of the acts themselves, we find that zoning and rezoning decisions—no matter what the size of the parcel of land involved—are legislative in character and subject to the referendum and initiative provisions of the Colorado Constitution.

■ Arvada and Lakewood claim that *Snyder, supra,* is dispositive of the issues in these cases, because it stands for the proposition that rezoning is quasi-judicial, and that, therefore, rezoning is not subject to the reserved referendum and initiative powers. *See also Corper v. Denver,* 191 Colo. 252, 552 P.2d 13 (1976) and *Westlund v.*

*District Court*, 193 Colo. 129, 565 P.2d 920 (1977). As previously observed, in *Snyder, supra*, we were considering the proper procedure for seeking judicial redress for alleged illegalities in rezoning decisions. We held that, *for the purposes of judicial review*, rezoning was quasi-judicial in character. We adhere to our holding that rezoning is quasi-judicial for the purposes of judicial review. Any language contained in *Snyder, supra*, however, which might be read as indicating that rezoning is not legislative for the purpose of exercising the constitutional powers of referendum and initiative is hereby expressly overruled.

The cities and *amici curiae* argue that subjecting zoning and rezoning decisions to referendum and initiative will lead to chaos, significant delays in development, and ultimately to unplanned growth and development. We do not agree. We note that the requirements for placing an issue before the voters of a city are significant. *See Colo. Const.* art. V, sec. 1; section 1–40–115 and 116, C.R.S.1973 (1980 Repl.Vol. 1B); and the various city charter provisions, *supra*. Minor zoning and rezoning decisions which do not affect the broad base of the citizens of a community will be unlikely to generate the magnitude of opposition necessary to place such an issue before the voters in referendum or initiative form. In addition, we note that the courts of California and Ohio have for many years held both zoning and rezoning decisions to be subject to their respective referendum and initiative provisions. *See Arnel, supra; Assoc. Homebuilders v. Livermore*, 18 Cal.3d 582, 557 P.2d 473, 135 Cal.Rptr. 41 (1976); *San Diego Bldg. Contr. Ass'n. v. City of San Diego, supra; Dwyer v. City Council*, 200 Cal. 505, 253 P. 932 (1927); *Forest City Enterprises, Inc. v. City of Eastlake*, 41 Ohio St.2d 187, 324 N.E.2d 740 (1975) overruled on other grounds 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976); and *Hilltop Realty v. South Euclid*, 110 Ohio App. 535, 164 N.E.2d 180 (1960). We have not been informed, nor are we aware, that subjecting zoning and rezoning decisions to the powers of referendum and initiative has, in and of itself, created significant problems or delays

in planning the growth and development of California or Ohio cities.

■ The cities and *amici curiae* also argue that zoning and rezoning by referendum and particularly by initiative violate the Fourteenth Amendment due process rights of the affected landowners to prior notice and a hearing. *See Note, Preserving "The Blessings of Quiet Seclusion,"* 1977 U.Ill.L.F. 895 (1977). We do not believe such to be the case. "The election campaign, the debate and airing of opposing opinions, supplant a public hearing prior to the adoption of an ordinance by the municipal governing body." *Meridian Development Co. v. Edison Township*, 91 N.J.Super. 310, 220 A.2d 121 (1966). *See Eastlake v. Forest City*, 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976), and *San Diego Bldg. Contr. Ass'n. v. City of San Diego, supra, but see Andover Development Corp. v. New Smyrna Beach*, 328 So.2d 231 (Fla.Dist.Ct. App.1976). Furthermore, any unreasonable, arbitrary, or capricious decision on the part of the people via referendum or initiative would be subject to the same judicial scrutiny as would such a decision by the municipality's governing body. *See Dooney, supra*, and *Eastlake v. Forest City Enterprises, Inc., supra*.

For the above-stated reasons, we find that zoning and rezoning decisions are legislative in character and therefore are subject to the referendum and initiative provisions of the Colorado Constitution.

## V.

■ In the Lakewood case, Wright filed petitions seeking to review by referendum the changes made by the City of Lakewood in its master plan which brought it into conformance with the rezoning decisions. The amendment to the master plan was passed in resolution form. A master plan is advisory only as is evidenced by the statutory scheme for creation of municipal planning commissions. Section 31–23–201, *et seq.*, C.R.S.1973 (1977 Repl.Vol. 12). It is the duty of a municipal planning commission to adopt a master plan as directed in

section 31–23–206 which shall show the commission's recommendations to the governing body of the municipality for the development of the territory within the municipality, in accordance with the prescribed purposes expressed in section 31–23–207. The adopted plan is not of a permanent nature, but is rather subject to the control of the municipality's governing body. Section 31–23–209. Thus, departures from the master plan may be authorized despite objection or disapproval of the planning commission. We do not regard an amendment to the master plan, which may be accomplished by resolution of a city council, as contrasted with an ordinance, to be legislative in character. Being advisory only, an amendment to a master plan is not legislation which is subject to the referendum powers reserved to the people. *See King's Mill Homeowners v. Westminster,* 192 Colo. 305, 557 P.2d 1186 (1976). *See also Copple v. Lincoln,* 202 Neb. 152, 274 N.W.2d 520 (1979), *Cochran v. Planning B. of Summit,* 87 N.J.Super. 526, 210 A.2d 99 (1965).

### VI.

Accordingly, we make the rule absolute in the Greenwood Village case, No. 80SA110.

We reverse the judgment of the district court in the Arvada case, No. 80SC59, which upheld the Arvada City Council's refusal to submit the referendum and initiative proposal to a vote of the electors of Arvada, and we remand the cause to the district court for further proceedings consistent with the views expressed herein.

We affirm the judgment of the court of appeals in the Lakewood case, No. 80SC43, insofar as it holds that an amendment to the City of Lakewood Master Plan is not subject to the power of referendum. We reverse the judgment of the court of appeals holding that the rezoning ordinance is not subject to the power of referendum. The case is returned to the court of appeals with directions to remand to the district court for further proceedings consistent with the views expressed herein.