**CITIZENS FOR QUALITY GROWTH PETITIONERS' COMMITTEE, Mark Ellen Rubley, Jo Ann Baker, Lynne Van Westrenen, Charla Ann Thorstad, as Individuals and Members of the Citizens for Quality Growth Petitioners' Committee, Plaintiffs–Appellees,**

v.

**CITY OF STEAMBOAT SPRINGS, City Council of the City of Steamboat Springs, Les Liman, Julie Schwall, Pat Gleason, Mary Brown, Rita Valentine, Paula Black and Pete Wither, as Members of the City Council, and Sara Axelson, City Clerk of Steamboat Springs, Defendants–Appellants.**

No. 89CA1633.

Colorado Court of Appeals, Div. III.

Sept. 13, 1990.

Rehearing Denied Oct. 18, 1990.

Certiorari Denied March 18, 1991.

Klauzer & Tremaine, Richard Tremaine, Steamboat Springs, for plaintiffs-appellees.

Mattlage, Lettunich & Vanderbloemen, Anthony B. Lettunich, Ronald W. Stock, City Atty., Steamboat Springs, for defendants-appellants.

Gorsuch, Kirgis, Campbell, Walker & Grover, Gerald E. Dahl, Denver, for amicus curiae Colorado Municipal League.

Opinion by Judge NEY.

The City of Steamboat Springs, its city council, and city clerk appeal the summary judgment in favor of the plaintiffs, Citizens for Quality Growth Petitioners' Committee, ordering a referendum vote on rezoning. We affirm.

The City has a Commercial Resort Zone District (CR) zoning classification which permits as a use by right, only underground utility lines and/or parks. Any other use within a CR district is considered a conditional use which requires further approval by the city council. Included within the broad range of eighteen contemplated conditional uses for CR districts are busi-

ness services, public buildings, hotels, multi-family dwelling units, recreational uses, schools, and water reservoirs.

On October 11, 1988, the City Council of Steamboat Springs enacted a resolution approving a major development permit for a retail store and retail wing located within a CR zone. In response to the enactment, the plaintiffs formed a petitioners' committee requesting the city council to refer the resolution to the electors of the city and submitted petitions to that effect to the city clerk. However, the defendant city clerk, when presented with the plaintiffs' petitions containing a sufficient number of signatures, held that the resolution was quasi-judicial as defined by the city charter and, therefore, that it was not subject to referendum and rejected the petition. The petitioners unsuccessfully requested the city council to reverse the city clerk's decision.

This action was commenced in the district court requesting that the decisions of the clerk and council be reversed and that the council be ordered to refer the matter to the electorate. The plaintiffs also sought other remedies which are not relevant to this appeal.

The defendants unsuccessfully sought the dismissal of plaintiffs' action pursuant to C.R.C.P. 12(b). The plaintiffs moved for partial summary judgment pursuant to C.R.C.P. 56 seeking an order compelling the city to submit the referendum to the electorate, which the court granted. This appeal followed.

Relying on *Idaho Springs v. Blackwell*, 731 P.2d 1250 (Colo.1987) the city asserts that the trial court erred in ordering the referendum vote on the resolution because the resolution constituted either an executive or an administrative act, rather than a legislative one. Thus, they argue, it was not subject to a referendum vote. We disagree.

*Blackwell* did not relate to zoning. It involved petitions for initiated ordinances relating to administrative, not legislative, matters which were subject neither to initiative nor referendum.

In *Margolis v. District Court*, 638 P.2d 297 (Colo.1981), a case which did involve zoning, our supreme court held that recall, initiative, and referendum are fundamental rights of a republican form of government which the People have reserved unto themselves, and that such rights must be liberally construed in favor of their exercise. Conversely, limitations on the power of referendum must be strictly construed. The *Margolis* court further ruled that, under the Colorado Const. art. V, § 1, only those acts of a city council which are legislative in character are subject to the referendum powers. The court concluded that the zoning and rezoning at issue there were legislative in character.

■ Actions of a city council may be quasi-judicial, executive, administrative, or legislative. In the instant case, it is undisputed that the original act of the city council zoning the area CR was a legislative one. If an original act was legislative, then an amendment to the original act must also be legislative. *Witcher v. Canon City*, 716 P.2d 445 (Colo.1986). We do not agree with the city that, because there was an existing underlying zoning of CR, the resolution was merely part of a development process not requiring a change in zoning.

■ To authorize a permitted use in the CR zone, other than underground power lines or parks, a further act of the city council, analogous to a planned unit development, is required. Approval of a planned unit development constitutes rezoning of the area within that development. *See South Creek Associates v. Bixby & Associates*, 781 P.2d 1027 (Colo.1989). Hence, we reject the city's characterization of this act of the city council as being either quasi-judicial, administrative, or executive. To adopt the city's analysis would impair the vitality of the principles announced in *Margolis*.

The CR zoning scheme of the city requires further action by City Council to approve a specific use. Thus, the action of the council in approving this specific use within the CR zone was equivalent to an amendment to the original legislative act establishing the CR zone, and therefore, it

also was a legislative act. As such, it is subject to the referendum process, and the trial court properly entered judgment ordering that an election on the issue be conducted.

Judgment affirmed.

STERNBERG, C.J., and ROTHENBERG, J., concur.